ATTORNEY GENERAL *vs.* MARY M. CLARK, executrix.

Suffolk.   October 18, 1915. — November 27, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Joint Tenants and Tenants in Common.   Tax,* On legacies and successions. *Words,* "Intestate succession," "Succession," "Laws."

A joint tenancy may exist in personal property as well as in real estate.
Two sisters, named respectively E and M, who by their voluntary action held all their real estate and all their stocks and bonds in joint tenancy, made deposits in two accounts in a savings bank, each sister contributing half of the amounts deposited. One account was in the name, "E or M or the sur-

vivor of either." The other account was in the name, "M or E or the survivor of either." There were no withdrawals "unless for their joint benefit." *Held*, that the deposits were owned by the sisters in joint tenancy.

A conveyance and transfer of real and personal property, made by two sisters who held the property as tenants in common through a third person to themselves as joint tenants, where each contributed an equal amount and there is nothing to show that the right of survivorship was not as valuable to one as to the other, even if they were intended as a conveyance and transfer of one half the property to the survivor of the joint tenants upon the death of the other, would not be a gift, having been made "for full consideration" within the meaning of the exception in St. 1912, c. 678, § 1.

The interest which, upon the death of one of two joint tenants of real and personal property, passes to the other by right of survivorship does not pass "by the laws regulating intestate succession" within the meaning of St. 1912, c. 678, § 1, and its transfer is not subject to the excise imposed by that statute.

CROSBY, J.   This is an information in equity brought in the Supreme Judicial Court at the relation of the Treasurer and Receiver General under St. 1909, c. 490, Part IV, as amended by St. 1912, c. 678, § 1, to recover a succession tax. The case comes before us on a reservation made by a single justice,* which contains the agreed facts and certain stipulations made by the parties.

The record shows the following facts: That Elizabeth M. Clark, the deceased, and Mary M. Clark, the defendant, were sisters living together in Waltham in this Commonwealth on the real estate hereinafter referred to; that these sisters, being tenants in common of the real estate so occupied by them, obtained title thereto by inheritance, and also by deed from a third heir; that on November 11, 1907, they conveyed the real estate to a third person, and on the same day their grantee re-conveyed the estate to them as joint tenants; that at different times since November 11, 1907, these sisters purchased with funds, of which each of them contributed one half, certain securities consisting of stocks and bonds which were all issued to them as joint tenants. These securities were kept in their joint possession until the death of Elizabeth, since which time such possession has continued in Mary, the survivor. It is also agreed that on or about January 2, 1908, these sisters opened two accounts in the Springfield Institution for Savings, one in the name of "Either Elizabeth M. Clark or Mary M. Clark, or the survivor of either," and the other

---

* *Pierce, J.*

in the name of "Either Mary M. Clark or Elizabeth M. Clark or the survivor of either." Each of them contributed one half of the total amounts so deposited, and there were no withdrawals "unless for their joint benefit." The total balance of these two deposits on September 10, 1912, the date of the death of Elizabeth M. Clark, was $1,623.56. The value of the real estate, securities and deposits having been agreed upon by the parties, it is the contention of the Attorney General that one half of the total amount of such value became taxable upon the decease of Elizabeth M. Clark, one of the joint owners.

1. There can be no doubt that, after the transfer of the real estate and the issuance of the securities to these sisters in the manner above described, they thereafter held and owned such real and personal estate as joint tenants with all the incidents which govern such a tenure, including that of survivorship; and we think that the same is true as to the deposits in the savings bank. The words of survivorship, employed when the deposits were made and thereafter were held by the bank, were apt and sufficient to create a joint tenancy, and such obviously was the intention of the parties, especially when considered in connection with the estate in joint tenancy created by them in the real estate and the securities. The record shows that no withdrawals were made unless for their joint benefit, and it fairly may be inferred from all the facts and attendant circumstances that it was agreed between the sisters that neither of them should withdraw any of the deposits except upon their joint account and for their mutual use and benefit. Nor is this conclusion affected by the fact that either might have withdrawn the deposits contrary to such an agreement and thereby have destroyed the joint tenancy. A joint tenant, as an incident of his tenure, always may terminate the joint tenancy by transfer or conveyance of his interest. A joint tenancy is not confined to real estate, but may exist also in personal property. *Phelps* v. *Simons,* 159 Mass. 415. *Boland* v. *McKowen,* 189 Mass. 563.

2. The record shows that these two sisters intended to create an estate in joint tenancy both as to the real and the personal estate. They were equal owners in the real estate when their holdings therein were changed from that of tenants in common to joint tenants; so, too, each contributed one half of the pur-

chase price of the securities and one half of the amounts deposited in the savings bank. When they created an estate in joint tenancy in the real estate and personal property above referred to, a contract was made between them for a valuable consideration, and in the absence of fraud or anything to indicate that it was not entered into in good faith, it constituted a valid agreement and must be recognized as such. There is no evidence of fraud or bad faith in creating the joint tenancy. It cannot be found that there was a gift of one half of the property to take effect in possession and enjoyment after the decease of the testatrix so as to be taxable under the statute because the joint tenancy was not severed during the lifetime of the tenants. Each sister contributed an equal amount for her interest in the real and personal property when the joint tenancy was created, and there is nothing to show that the right of survivorship was not as valuable to one as to the other. Each held subject to the limitations which such a tenure imposed upon them, and thereafter they held by but one title.

We are of opinion that the contract between the parties creating a joint tenancy in the property in question cannot be held under the circumstances to be a voluntary gift without consideration and so liable to a succession tax.

3. The only question remaining is whether an interest in property which, upon the death of one joint tenant passes by right of survivorship to his co-tenant, so passes "by the laws regulating intestate succession" within the meaning of the statute. St. 1909, c. 490, Part IV, § 1. In ascertaining the intent of the Legislature in construing this statute, the established rules of construction are to be applied.

In *Martin L. Hall Co.* v. *Commonwealth*, 215 Mass. 326, 329, it was said: "Tax laws are strictly construed. If the right to tax is not plainly conferred by the statute it is not to be extended by implication." The statute under consideration authorizes the imposition of an excise tax. It is so imposed not only upon the right of the owner of property to transmit it after his death, but also upon the privilege of the beneficiary to receive such property. *Attorney General* v. *Stone*, 209 Mass. 186, 190. *Minot* v. *Winthrop*, 162 Mass. 113, 122, 124. The statute does not in express terms authorize the taxation of the interest accruing to a surviving tenant upon the termination of a joint tenancy by the death of

his co-tenant.  In England such interests are expressly made taxable by statute.  St. 57 & 58 Vict. c. 30, § 2 (d).  The words "intestate succession" are to be construed in accordance with their ordinary legal interpretation.  We are of opinion that, as used in this statute, these words have the ordinary significance as applied to the subject matter, and mean succession by the laws regulating the descent and distribution of intestate property.  Intestate succession, we think, applies to cases where persons die intestate or leave no valid will, thereby requiring the descent and distribution of their estates in accordance with laws providing therefor.  The word "succession" in its ordinary legal use has been described as "the devolution of title to property under the laws of descent and distribution."  *State* v. *Payne*, 128 Mo. 468.

The descent and distribution of estates is regulated by statutes enacted from time to time and amended whenever deemed expedient.  We think that the "laws" regulating intestate succession mean the statute laws relating to the descent and distribution of intestate estates, and do not include the succession of property which passes under the rules of the common law.  Joint tenancy arises under the common law, and the doctrine of survivorship thereunder grows out of the application of common law principles wholly independent of statute.  Joint tenants hold under the conveyance or instrument by which the tenancy is created.  See *In re Headen's estate,* 52 Cal. 294; *Adams* v. *Akerlund,* 168 Ill. 532; *Matter of Klatzl,* 216 N. Y. 83.  See also *Palmer* v. *Treasurer & Receiver General, ante,* 263.

Mary M. Clark and her sister Elizabeth as joint tenants held under a tenure which would give the survivor the whole if there was no alienation thereof by either party.  Upon the death of Elizabeth, Mary, as her survivor, took the whole estate, not by descent as the heir at law of her sister or under the laws regulating intestate succession, but as the sole surviving joint tenant.

In accordance with the stipulation of the parties, let the entry be.

*Information dismissed with costs.*

*W. H. Hitchcock,* Assistant Attorney General, for the plaintiff.
*G. P. Drury,* for the defendant.