EMILY G. MARBLE *vs.* TREASURER and RECEIVER GENERAL.

Worcester.    September 26, 27, 1922. — June 5, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* On succession.  *Husband and Wife.   Joint Tenancy.   Tenancy by Entirety.   Savings Bank.   Words,* " Or."

*It seems,* that a husband and his wife may own a deposit in a savings bank as an estate by entirety.

*It seems,* that a joint tenancy may be created in a deposit in a savings bank.

While deposits in savings banks, stated as in the names of a husband " and " his wife, or of a husband " or " his wife, and to be " Payable to either or the survivor," or to be " Subject to withdrawal [or withdrawals] of whole or part by either or the survivor of either," create neither estates by the entirety nor, in the accurate sense of the term, estates held in joint tenancy, beneficial interests therein arise in the wife, on the death of the husband before the accounts are withdrawn, " by survivorship " in a " form of joint ownership," which are taxable under G. L. c. 65, § 1.

The same rule applies to a deposit remaining in a savings bank at the death of the husband, which stood in the name of the husband " or " the wife without any statement that it was subject to withdrawal by or payment to either, the word " or " in the circumstances being given a disjunctive and not a conjunctive meaning.

The widow of a testator received property under the provisions of his will which justified the assessment of a succession tax under G. L. c. 65, § 1, upon the graduated scale of one per cent, two per cent and four per cent upon such interest.  The tax was paid by the executor of the husband's will.  It appearing that the widow also received a beneficial interest of a value less than $5,000 " by survivorship " in a " form of joint ownership " in certain savings bank deposits which never came into the possession of the executor of the husband's will, a further succession tax was assessed upon her at the rate of four per cent without any exemption.  On an appeal by the Treasurer and Receiver General from a decree of the Probate Court allowing an abatement of the tax, it was *held,* that

(1) The property under the will of the husband and the beneficial interest in the deposits passed to the widow at the same time and by reason of the same event, namely, the death of the husband, and they should be taken together as a whole and treated as such in determining the tax and the exemption;

(2) The method of assessment was correct.

PETITION, filed in the Probate Court on February 4, 1922, under G. L. c. 65, § 27, for the abatement of a succession tax of $242.62 assessed on the estate of J. Russell Marble under the provisions of G. L. c. 65, § 1.

In the Probate Court, the petition was heard by *F. H. Chamberlain*, J., upon the pleadings and an agreed statement of facts.

The petitioner was the widow of the deceased. She received an interest under his will amounting to $113,748.03, on which a tax was assessed, according to the graduated scale of rates provided for in G. L. c. 65, § 1, at one per cent, two per cent and four per cent, as described in the opinion, and was paid by the executors. Subsequently, on information furnished by the executors, the commissioner of corporations and taxation assessed an additional tax of $242.62 against the petitioner as surviving owner of certain savings bank deposits standing in the joint names of herself and her husband, which never came into the possession of the husband's executors. These joint deposits amounted to $9,705.14 and the tax was assessed on one half of the amount, or $4,852.57. The tax was at the rate of four per cent, the amount of the deposits being added to the previous assessment for the purpose of determining the tax. The petitioner paid the tax and filed this petition. Other material facts are described in the opinion.

In the Probate Court, a decree was entered allowing the petition and abating the tax. The Treasurer and Receiver General appealed.

The case was argued at the bar in September, 1922, before *Rugg*, C.J., *Braley, Crosby, Pierce, & Carroll*, JJ., and afterwards was submitted on briefs to all the Justices except *Jenney*, J.

*C. R. Cabot*, Assistant Attorney General, for the respondent.

*T. H. Gage*, (*M. S. June* with him,) for the petitioner.

CARROLL, J.   J. Russell Marble died October 8, 1920. At this time there were deposits in six Massachusetts savings banks, aggregating $9,705.14. None of these deposits came into the possession of the executors under the will of J. Russell Marble. It was agreed that Marble contributed to the joint accounts. The tax in question was assessed on one half of the balances, $4,852.57, of the six above mentioned deposits. The petitioner, who is the widow of the decedent, in November, 1921, paid a tax amounting to $242.62 and interest, and brought this petition for an abatement under G. L. c. 65, § 27. In the Probate Court a decree was entered ordering an abatement of the tax, and the defendant appealed.

G. L. c. 65, § 1, after reciting that all property within the jurisdiction of the Commonwealth, and any interest therein which shall pass by will or by laws regulating intestate succession, or by deed, grant or gift intended to take effect in possession or enjoyment after the death of the grantor or donor, provides: " and any beneficial interest therein which shall arise or accrue by survivorship in any form of joint ownership," shall be subject to a tax. The phrase quoted became a part of the law by St. 1916, c. 268, § 1. Prior to the passage of this amendment it was held, where real estate was owned by husband and wife as tenants by the entirety, that no new estate passed on the death of either to the survivor which was taxable under the laws regulating intestate succession. *Palmer* v. *Treasurer & Receiver General,* 222 Mass. 263. It was also decided that the interest, which on the death of one of two joint tenants in real or personal property belongs to the other by right of survivorship, does not pass by the laws regulating intestate succession within the meaning of the inheritance tax statute, and its transfer is not subject to the excise imposed by the statute. *Attorney General* v. *Clark,* 222 Mass. 291. See *Chippendale* v. *North Adams Savings Bank,* 222 Mass. 499, 502. Following these decisions the amendment, " any beneficial interest therein which shall arise or accrue by survivorship in any form of joint ownership," St. 1916, c. 268, § 1, was passed, and we assume in the consideration

of this case that this phrase refers to the first part of this section — " All property within the jurisdiction of the Commonwealth, corporeal or incorporeal."

Five of the deposits were as follows: Fitchburg Savings Bank, " J. Russell Marble or Emily G. Marble. . . . Subject to withdrawal of whole or part by either or the survivor of either." Athol Savings Bank, " J. Russell Marble or Emily G. Marble. Payable to either or the survivor." Whitinsville Savings Bank, "J. Russell Marble or Emily G. Marble. . . . Subject to withdrawal of whole or part by either or the survivor of either." Springfield Five Cent Savings Bank, " J. Russell Marble and Emily G. Marble. . . . Subject to withdrawals of whole or part by either or survivor of either." Springfield Institution for Savings, " J. Russell Marble and Emily G. Marble. . . . Subject to withdrawal of whole or part by either or survivor of either."

An estate by the entirety may exist in personal property. *Boland* v. *McKowen,* 189 Mass. 563. *Phelps* v. *Simons,* 159 Mass. 415. A joint tenancy may be created in personal as well as in real estate. *Attorney General* v. *Clark, supra.* And the personal property may consist of a deposit in a savings bank. *Chippendale* v. *North Adams Savings Bank, supra.* In our opinion, none of the five deposits in question constituted an estate by the entirety, or a joint tenancy in the accurate sense of the term. In an estate by the entirety one of the owners cannot sever the tenancy during the joint lives without the consent of all. *Palmer* v. *Treasurer & Receiver General, supra.* And although a joint tenancy may be terminated by the transfer or conveyance of his interest by one of the tenants, each tenant can dispose of only his own interest in the property. *Attorney General* v. *Clark, supra.* By the express terms of these five deposits, either the husband or the wife had the right, during the lifetime of both, to withdraw any part or the whole of the fund on his or her single receipt or order, and thereby terminate the tenancy without the consent of the other, although both were living. This right violates the essential character of a joint tenancy or an estate by the entirety. The estate created by these deposits was at most analagous to a joint

tenancy, and was not a joint tenancy in the accurate meaning of those words. In our opinion, a tax can be levied by reason of the death of one of the *quasi* joint tenants under G. L. c. 65, § 1, which places a tax on " All property within the jurisdiction of the Commonwealth," and " any beneficial interest therein which shall arise or accrue by survivorship in any form of joint ownership." By reason of the death of Marble, Mrs. Marble alone now has an interest in these deposits arising or accruing by her survivorship, which she did not have before. That beneficial interest is the absolute title to the deposit, free from the preëxisting right, absolute in its terms, which Marble undoubtedly possessed during his life to withdraw the whole or any part of these deposits on his individual receipt, and to dispose of the money on his individual account. These deposits vested in the complete possession and enjoyment of Mrs. Marble on the death of her husband; there resulted to her upon his death, for her sole beneficial interest, a complete cessation of his power to exercise any control over the deposits, or to enjoy any benefit from them, and this interest which accrued to her by survivorship in this " form of joint ownership " and which she now has is taxable under the statute.

There remains for consideration the deposit in the Millbury Savings Bank. It was in the name of " J. Russell Marble or Emily G. Marble," without any statement that it was subject to the withdrawal by or payment to either. The word " or " is frequently used in the sense of " and " when this is necessary to give effect to the purpose of the parties. *Clarke* v. *Andover,* 207 Mass. 91, 96. *Thorp* v. *Lund,* 227 Mass. 474, 479, 480. *Dunbar* v. *Hammond,* 234 Mass. 554, 557. It was said also in *Gaynor's Case,* 217 Mass. 86, at pages 89 and 90, after recognizing the distinction: " It is not synonymous with ' and ' and is to be treated as interchangeable with it only when the obvious sense requires it, or when otherwise the meaning is dubious. But the word ' or ' in its ordinary use and also in accurate meaning is a disjunctive particle. It marks an alternative and not a conjunctive. It indicates one or the other of two or several persons, things or situations and not a com-

bination of them. *Commonwealth* v. *Keenan*, 139 Mass.
193. *Galvin* v. *Parker*, 154 Mass. 346. *Dumont* v. *United
States*, 98 U. S. 142. It is construed as having a different
meaning only when the context and the main purpose to
be accomplished by all the words used seems to demand it."
Under the circumstances here disclosed, the word " or " in
describing the deposit in the Millbury Savings Bank, " J.
Russell Marble or Emily G. Marble," should be given a
disjunctive and not a conjunctive meaning. The right
was given, therefore, either to Marble or Mrs. Marble to
withdraw the deposit without the assent of the other, and
we think it was their purpose to give to either the same
right to withdraw the fund in the Millbury Savings Bank
as each had during the joint lives of both to withdraw the
deposits in the other savings banks. If a tenancy by the
entirety was created by this deposit in the Millbury Savings
Bank, then nothing could be drawn from it except upon the
joint order or receipt of the two during their joint lives.
See *Baker* v. *Baker*, 123 Md. 32; *Brewer* v. *Bowersox*,
92 Md. 567. And if it were a joint tenancy in the correct
sense of the term, either could withdraw only his or her
share of the account. Neither a joint tenancy nor a tenancy
in the entirety was created by this deposit; and in so far
as *Sloan's Estate*, 254 Penn. St. 346, and *Dupont* v. *Jonet*,
165 Wis. 554, seemed to support the contrary contention,
we must decline to follow them.

By the death of Marble all his interest in the deposit
ceased. By his death his widow had complete title to the
deposit. In the opinion of a majority of the court she
obtained a beneficial interest in it which she did not have
during his life, and which, therefore, accrued to her by
survivorship within the meaning of the statute. The tax
was lawfully laid on this commodity. *Minot* v. *Winthrop*,
162 Mass. 113. *Clarke* v. *Treasurer & Receiver General*,
226 Mass. 301, and cases collected at page 305.

The tax commissioner determined that the interest of
the petitioner under the will of J. Russell Marble amounted
to $113,772.95 and had assessed on the first $25,000, a tax
at the rate of one per cent; on the second $25,000, a tax

at the rate of two per cent; and upon the balance of said interest, a tax at the rate of four per cent; and said tax was paid by the executors. The petitioner contends that if any tax can be assessed on the petitioner under the inheritance tax statute on the deposits in question, it must be an assessment based on the property taxed to her, and not on the property taxed to the executors of her husband's estate; that the tax commissioner cannot combine two distinct sources of taxation and fix a rate to both or either on the combined amount.

The property under the will of her husband and the beneficial interest in the deposits passed to the petitioner at the same time and by reason of the same event, namely, the death of Marble. She then received an aggregate amount made up of the gifts under the will and the beneficial interest in the deposits: they should be taken together as a whole and treated as such in determining the tax and the exemption. *Matter of Dana Co.* 215 N. Y. 461. *Matter of Garcia,* 183 App. Div. (N. Y.) 712. *Matter of Van Cott,* 180 App. Div. (N. Y.) 814. In *Matter of Hodges,* 215 N. Y. 447, the title to the property on the transfer of which the tax was assessed passed to the donee at a different time from the death of the donor. It was a transfer during the life of the donor and was not to be added to the property passing by will. Each receipt of property was an event by itself independent of the other. To the same effect is *Potter's Estate,* 188 Cal. 55. *Attorney General* v. *Barney,* 211 Mass. 134, is not applicable: it decided that in determining whether a " bequest, devise or distributive share " is or is not exempt, the amount received by the devisee or distributees from property situated in another State could not be taken into account. The tax was assessed properly. It follows that the decree of the Probate Court should be reversed and a decree entered dismissing the plaintiff's petition.

*So ordered.*