## BUCKEYE STATE BLDG & LN Co v FRIDLEY

Ohio Common Pleas, Franklin Co
No 128287. Decided Dec. 15, 1930

LEACH, J.

It was held in The Cleveland Trust Company, et al vs. Scobie, Admr. **114 Oh St 241**, that:

"Where a person opens a saving account in a bank to the joint credit of himself and another, payable to either, and balance at death of either payable to survivor, the authority to remain in full force until recipt by the bank from the depositor of written notice of its revocation, and the record shows that the depositor intended to transfer to the person to whom he made the account jointly payable a present joint interest therein equal to his own, and the passbook has been left in the possession of the bank for withdrawals by either party on the joint account, a joint interest is created in the right of the depositor in the deposit, and the person to whom the deposit is made payable jointly with the depositor, upon the death of the depositor, without his having revoked the authority to draw, is entitled to the balance of the account."

It is conceded by the attorney for the administrator of John D. Heller, deceased, that pursuant to the agreement in question and under the authority of the Scobie case, "Mrs. Sheppard could have withdrawn all the money in the joint deposit of herself and J. D. Heller after the death of J. D. Heller" but it is contended that the sit-uation is changed by reason of the fact that she did not withdraw the money or make any order for the withdrawal of the same, that under these circumstances the matter was rather in the nature of a gift causa mortis and that the gift is not complete until it is accepted by the donee and that the **gift** of the undivided one-half interest was never accepted by Mrs. Sheppard, the donee. We think that this matter is disposed of by certain of the language of the opinion in the case of **Tax Commission vs. Hutchison, 120 Oh St 361.** The Court, in commenting upon the Scobie case, said it was there held:

"That a present joint interest in bank deposits might be created, and that the entire balance at death would, under the survivorship clause, **pass to the survivor.**"

The Court also quoted with approval from the case of Marble vs. Treasurer and Receiver General, 245 Mass. 504, and adopted the following paragraph found in the opinion in that case:

"By reason of the death of Marble, Mrs. Marble alone now has an interest in these deposits arising or accruing by her survivorship, which she did not have before. That beneficial interest is to absolute title to the deposit, free from the pre-existing right, absolute in its terms, which Marble undoubtedly possessed during his life to withdraw the whole or any part of these deposits on his individual receipt and to dispose of the money on his individual account. These deposits vested in the complete possession and enjoyment of Mrs. Marble on the death of her husband."

And again on page 368 of the opinion, Judge Day uses this language:

"We think that, where the right to absorb the whole fund was in either Hutchison or his wife at any time prior to his death, it must be the time of such death that measures the right of the survivor, as it was entirely problematical whether there would be any fund subject to succession until after one of the joint owners had died. The time of death of one measures the rights of the other in the property in question."

It will be noted that the Supreme Court approves the proposition that the beneficial interest of the survivor "is to absolute title to the deposit." Now, if at the time of the death of John D. Heller there was vested

in Fannie L. Sheppard an absolute title to the deposit there is no reason why this title should be divested upon the death of the said Fannie L. Sheppard. It would seem that it then, upon the death of Heller, became her property and became a part of her estate upon her death to which her administrator, Edward C. Sheppard, is entitled as her representative. Such will be the ruling of the Court and the finding and decree will be for Edward C. Sheppard, as administrator of this estate of Fannie L. Sheppard, deceased, as prayed for in his answer.