**BOWERMAN, Admr. v BOWERMAN**

Ohio Appeals, 3rd Dist, Henry Co

No 309. Decided Feb 19, 1941

David Meekison, Napoleon; George A. Meekison, Napoleon; Otto W. Hess, Napoleon, for plaintiff-appellant.

H. R. Dittmer, Napoleon, for defendant-appellee.

## OPINION

By GUERNSEY, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Henry County, Ohio, in an action pending therein wherein George Bowerman, as administrator of the estate of Caroline Bowerman. deceased, appellant herein, is the plaintiff, and Frank Bowerman, appellee herein, is the defendant.

The plaintiff, in the first cause of action set forth in his petition, charges the defendant who is the widower and surviving spouse of plaintiff's decedent, with concealing, embezzling and conveying away monies in the sum of $1950, the property of plaintiff's decedent at the time of her decease, and now the property of her estate.

In the second cause of action set forth in his petition the plaintiff charges that the decedent, at the request of the defendant, at divers times loaned to the defendant the sum of $1000 and that the defendant has concealed said loan or the knowledge thereof from plaintiff and refused to pay the same.

In his answer the defendant admits the representative capacity of the plaintiff and that he, the defendant, is the widower and surviving spouse of plaintiff's decedent, and denies each and every other allegation, statement and averment in plaintiff's petition contained.

The cause was submitted to the Court of Common Pleas upon these pleadings and the evidence, and the court found that the defendant was not guilty of having concealed, embezzled or conveyed away any money, goods or chattels belonging to the estate of said Caroline Bowerman, and adjudged that the defendant go hence without day, and that the petition of the plaintiff be dismissed at his costs.

It is from this judgment that this appeal is taken.

1. The only assignments of error argued in the brief, which will therefore be the only assignments considered, are that the judgment is contrary to law, that it should have been rendered in favor of plaintiff, and that it is against the weight of the evidence.

It is contended by plaintiff-appellant that all the evidence tends to prove that the decedent had an equal undivided ownership in the fund mentioned in the first cause of action, and was the owner of the claim against the defendant described in the second cause of action.

Without quoting the evidence, it is sufficient to state that there is no evidence tending to prove the allegations set forth in the second cause of action in the petition and consequently appellant's claim of error with reference to the judgment on this cause of action is without foundation.

With reference to the first cause of action it is sufficient to state, without mentioning the items of evidence in detail that all the evidence tends to prove that for many years the decedent and Frank Bowerman had maintained a joint fund in cash at their residence, arising from contributions made by them to said fund of the proceeds of a tourist home jointly maintained by them at their said residence, and from contributions made to said fund by the defendant from farming operations on his farm, rentals of residence property owned by him, and

wages earned by him. From this fund, each, without notifying or accounting to the other, was authorized to and did withdraw amounts from time to time for the payment of expenses of such tourist home, or living expenses or personal expenses.

Some of the evidence as to the nature and purpose of the fund, as well as the respective rights of the parties to the fund, appears in the following excerpts from the testimony of the defendant Frank Bowerman, to-wit: "We had it joint together, all our life we had it joint together, all our life we have always had one pocket book. That is the way we lived and got along. That is the reason I prospered the way I did." "She (Mrs. Bowerman) done everything she wanted with it. It was all one fund. She had access to this fund as well as I did." "Absolutely, whenever she (Mrs. Bowerman) saw fit she went and got it and I didn't question her at all about it."

At the time of the death of plaintiff's decedent which occurred on February 15, 1939, there remained in this fund approximately $1700 in cash, and the defendant by reason of her death having sole possession of the fund, has since paid out of it for the maintenance of the tourist home and for his living and other personal expenses, all but approximately $150 which at the time of the trial in the Court of Common Pleas was on deposit at a bank in Napoleon, Ohio, in the name of the defendant.

. The evidence above mentioned relating to the fund tends to prove a contractual relation exist- ed between plaintiff's decedent and the defendant as to the fund, the consideration for the contributions and agreements of each being the contributions and agreements of the other, which constituted a valuable consideration.

Under this agreement each granted the other such an interest in the portion of the fund contributed by him or her that regardless of the relative proportions of the contributions made by each, the fund was jointly owned and possessed by them, and each conferred on the other the power to appropriate for his or her own use for the payment of household or living or other personal expenses, any part of the joint fund, so that under the contract either of the parties had the right to terminate the interest of the other in the fund by appropriating the fund to his or her own use in accordance with the terms of the contract.

There was no provision in the agreement in terms prescribing the right of the survivor in the fund nor any provision that the power so granted should be revoked by the death of either.

The estate created by this contract was not a joint tenancy, for the right vested in each to terminate the estate by withdrawing the whole fund, is inconsistent with a joint tenancy in which a party thereto can withdraw only his one-half or one-third or other proportion as the case may be. Marble v Jackson, Treasurer and Receiver General, 139 N. E. 442; 245 Mass. 504, 507.

As the rights of the parties are wholly dependent upon their contract, and the estate in the fund created by the contract is not a joint tenancy, the rules applicable to the right of survivorship in a joint tenancy, set forth in the case of **In re Hutchinson, 120 Oh St 542,** are inapplicable thereto, and the rights of the parties must be determined by the general rules applicable to contracts of the character of the contract in controversy.

Among the applicable rules are those relating to powers.

"A power is defined as a liberty or authority reserved by, or limited to, a person to dispose of real or personal property for his own benefit, or for the benefit of others, and operating on an estate or interest vested either in himself or some other person, the liberty or authority, however, not being derived out of such estate or interest without overreaching or dissipating it, either wholly or partially. 21 R. C. L. 772, 773. . . .

"A power coupled with an interest is a power accompanied by �as or connected with an interest in the property subject to the power." 49 C. J. 1252.

"Powers may be granted or reserved whether by deed, will or otherwise, either expressly or by implication. No particular form of words ▉ is necessary; any words however informal which clearly indicate an intention to give or reserve a power are sufficient for that purpose." 49 C. J. 1252.

"A mere naked power is revocable at the will of the donor or grantor; but where a power is coupled with an interest or is given for a valuable consideration or as security, it is irrevocable." 49 C. J. 1256.

"The grantor's or donor's death does not revoke or terminate a power coupled with an interest." 49 C. J. 1257.

"If the death of the beneficiary defeats or terminates the purpose of the power or renders its effectuation impossible the power is thereby terminated." 49 C. J. 1257.

"It is a well settled general rule that if the authority or power of an agent is coupled with an interest ▉ it is not revocable by the act, condition or death of the principal before the expiration of the interest, unless there is some agreement to the contrary between the parties." 2 American Jurisprudence 61.

The reasoning upon which this rule is based is equally applicable to contractual relations not comprehending a technical relationship of principal and agent between the grantor or donor of the power and the grantee or donee thereof.

Considering the agreement of the parties in the light of the rules mentioned, we find that their agreement is based on a valuable consideration moving from one party to the other, and that the power granted by each party to the other, supported by the same consideration, is accompanied by and connected with an interest in the property subject to the power, and consequently constitutes a power coupled with an interest which is irrevocable; and that the purpose of the power granted by each to the other is such that it could be effectuated during the lifetime of the grantee of the power and not after his or her death, and consequently that the grant of the power by the defendant to plaintiff's decedent terminated with her death and the grant of power by plaintiff's decedent to defendant survived plaintiff's decedent's death.

The contract involved in the instant case differs from the contracts represented by certificates of deposit and Liberty Bond involved in the case of **Foraker, Exr. v Kochs, Admr., 41 Oh Ap 210,** in that the contract involved in the case at bar fixes the rights of the parties contributing to the res of the fund, as between themselves, to such res, while the contracts involved in that case do not fix the rights of the parties contributing to the fund, as between themselves, to the res of the fund, but merely fix the rights as between the parties contributing the fund, on the one side, and the custodian of the fund on the other side, as to the manner in which the res may be paid. The decision in that case is therefore inapplicable to the facts in this case.

The evidence discloses that the defendant, following the death of plaintiff's decedent, exercised the power granted to him by plaintiff's decedent. By the exercise of the power and not by reason of any title by way of survivorship the whole fund has vested in him free ▉ from any title, right or interest therein or claim thereon of the estate of the decedent.

For the reasons mentioned, the appellant's claim of error in the judgment both on the first and second causes of action is without foundation and the judgment will therefore be affirmed at costs of appellant.

KLINGER, PJ., concurs.

CROW, J., dissents; being of opinion that whilst all the evidence tends to prove that although the husband and wife jointly owned the money in issue by the second cause of action, there is no evidence tending to prove the essential of an express contract establishing the right of survivorship in either the husband or wife in such money.

Wherefore, there being no implication of such survivorship right, the decision of the trial court is erroneous and should be reversed and the cause remanded for a new trial so that the interests be ascertained and adjudged in view of the rebuttable presumption of equality thereof.