KIRKHAM, ESTATE OF, In Re

HUMPHREYS, ESTATE OF, In Re

Probate Court, Cuyahoga Co

No 281071. Decided March 26, 1941
No 275417. Decided April 24, 1941

Robert M. Morgan, Esq., Cleveland, for Exceptors.

D. K. Larrimer, Esq., Columbus, for Department of Taxation of the State of Ohio.

OPINION

By BREWER, J.

This cause is one that involves the method of assessing the inheritance tax on joint and survivorship bank accounts.

Henry Humphreys died on July 7, 1939. For many years prior to his death he and his daughter, Helen Humphreys, were the owners of several joint and survivorship accounts in banks in Cleveland. Ohio.

Clarence A. Kirkham died on March 2, 1940, and at the time of his death he and his wife, Elizabeth J. Kirkham, were also the owners of several joint and survivorship bank accounts.

On determination of the inheritance tax by this Court these joint and survivorship accounts, in both estates,

were taxed on their full amounts as successions to the surviving joint owners. To this action of the Court the executors of the wills of both decedents and the surviving joint owners of said accounts filed exceptions. In both estates the exceptions were based on substantially the following grounds:

1. That the Court erred in including in the whole value of the successions of the surviving joint owner the full amount of the balance of various joint bank accounts, as shown in Schedule A-6 of the application to determine the inheritance tax.

2. That the Court erred in including in the value of the aforesaid succession of the joint survivor more than 50% of the balance of said accounts at the date of death.

These joint bank accounts in both estates were in the usual stipulated form; that is, they were made payable to either of the joint owners and in case of the death of either payable to the survivor.

Since the enactment of the present Inheritance Tax Statute, in which the joint and survivorship bank accounts were made subject to the inheritance tax, it has been the practice of the Probate Courts of Ohio to tax these accounts to the survivor to the full amount of the account, except in cases where the survivor is able to prove contributions to the account, in which case the tax is assessed only against the amount of the account in excess of the contribution made by the survivor. The portion of the accounts so taxed is mentioned in the statute, §5332, ¶5, as the "enhanced value".

It is urged by counsel for the exceptors that this method of taxing joint and survivorship accounts is wrong. He contends that under a proper construction of the statute the Court can assess a tax only against that portion of the account which is the amount of the fractional interest of the decedent in the joint account, and that in both of the cases at bar these fractional interests were 50%.

The acquirement of a joint and survivorship account by the death of one of the joint owners can hardly be called a true succession. It is taxed, however, by virtue of §5332 GC, ¶5, as if it were a succession by will. The statute is as follows:

"Whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a succession taxable under the provisions of this subdivision of this chapter in the same manner as if the enhanced value of the whole property belonged absolutely to the deceased person, and had been by him bequeathed to the survivor or survivors by will."

The very fact that these accounts are made payable to either of the joint owners, and in case of the death of either, to the survivor, implies that it was the intention of the parties to the transaction that the entire ownership of the accounts was to pass to the survivor. It is easy to recognize in the ownership of these joint bank accounts characteristics of an estate known to the common law as an estate in joint tenancy.

A joint tenancy is defined in Washburn on Real Property, Volume 1, Page 642, as an estate held by two or more persons jointly so that during the lives of all they are equally entitled to the enjoyment of the land, or its equivalent in rents and profits; but on the death of one, his share vests in the survivor or the survivors, until there be but one survivor, when the estate becomes one in severalty in him and descends to the heirs upon his death.

It is said that for the creation of a joint tenancy the four unities of estate must be present. These are unity of interest, title, time and possession. (1 Washburn on Real Property, 643).

The common law tells us in respect to joint tenancy that all tenants must

have the same interest in the land in respect to the duration of the estate. One cannot be a tenant for life, while another is a tenant in fee; that by unity of title is meant that all must acquire their interests by the same title; that one cannot hold by one deed and another by a second; that the estate of joint tenancy must vest at the same time, otherwise there will be no unity of time; and that the estate must take effect in possession at the same time. One cannot have an estate in possession, while the other has an estate in remainder.

Joint tenants, therefore, "have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same possession." (2 Blackstone Commentaries, 180-181-182). Whenever these four unities were present in a joint estate, the estate was construed at common law to be a joint tenancy. (1 Washburn on Real Property, 643); (Williams on Real Property, 132).

The opinion is generally prevalent that the estate of joint tenancy does not exist in the State of Ohio. The leading case against the existence of joint tenancies in the State of Ohio is **Sergeant v Steinberger, 2 O. R. 305.** The following clause in a will was before the Court for construction: "I give and bequeath unto my daughter, Sarah, and unto her husband, Charles Steinberger, and their heirs and assigns forever, three hundred acres of land," etc.

The will contained no words of survivorship, nor any language indicating an intention to create an estate with the right of survivorship. The Court held that the devisees took as tenants in common.

In other cases, however, the Supreme Court has recognized the doctrine of survivorship. The first of these is the case of **Lewis v Baldwin, 11 O. R. 352,** in which the Court held that a conveyance to a husband and wife, and their heirs, and to the survivor of them, and to the heirs of such survivor, vested in the survivor an estate in fee.

In this case of Lewis v Baldwin the four unities of an estate necessary to a joint tenancy were present, as were also the unities essential to a tenancy by the entirety. Inasmuch as the right of survivorship is an element in only two cases, the estate of a joint tenancy and the estate by entirety, it would seem that in this case there was created by the conveyance at least an estate in joint tenancy. The Court found that the property belonged to the husband to the exclusion of his wife's heirs, "not upon the principle of survivorship, * * * but as grantee in fee, as survivor * * * ."

Although the Court in Lewis v Baldwin did not find in clear and unequivocal language that an estate in joint tenancy was created, it did take the attitude that where words of survivorship contained in a grant or devise clearly indicate the intention to create an estate with the right of survivorship, such intention would be upheld. This has been the law of Ohio since the case of Lewis v Baldwin was decided. This rule was followed in the case of **In re Estate of Dennis, 30 Nisi Prius (N.S.) 118 (1928).** The Court held that:

"When by deed Hammen conveys a lot to Florence G. Dennis and Alvin T. Dennis, husband and wife, with these words, 'unto said Grantees and the survivor of either, their heirs and assigns' and the habendum clause is 'unto said Grantees and the survivor of either, their heirs and assigns forever',"

this created an estate in fee simple in Florence G. Dennis, by the right of survivorship clearly expressed and intended by the grantor.

The question before the Court, however, involves personal property, and the common law estate of joint tenancy in land is discussed here only because it is believed that it will be an aid to the solution of the present problem. It has been generally held that the right of survivorship may exist in personal as well as real property. Questions of joint ownership and the right of survivorship in respect to personal property occur most frequently in con-

nection with joint bank accounts, which the courts of Ohio have uniformly upheld.

In **Trust Company v Scobie, 114 Oh St 242**, the matter at issue was the right of survivorship in a joint savings account. The joint depositors were a brother and sister. The account was inscribed in the names of Jerome C. Green and Anna Richardson, and the bank book contained a stipulation which read: "Either may draw—balance at death of either payable to survivor." Held, that Anna Richardson, the survivor, was entitled to the entire account. The Court held in this case that the depositor created in the second party by contract a joint interest equal to his own: in other words, that the right of survivorship was acquired by contract. It does not seem, however, that the elements essential to a valid contract are present in this case, and, therefore, it is not clear how the contract was created. The question as to whether or not an estate in joint tenancy was created was not settled by the Court; but if there were a joint tenancy, the survivor would take the entire account, and the Court held that the survivor was entitled to the entire account.

In **Tax Commission v Hutchison, 120 Oh St 361**, the right of survivorship in three bank accounts was upheld. The Supreme Court of Ohio has also upheld the right of survivorship in bank accounts in many other cases, including **Yost v Schmitt, 128 Oh St 48; Oleff, Admr. v Hodapp, Gdn., 129 Oh St 432; Osterland v Schroeder, 22 Oh Ap 213; Union Trust Co. v Hutchison, 27 Oh Ap 284.**

In view of the fact that the joint and survivorship bank account contains all of the incidents characteristic of a joint tenancy, and that the courts of Ohio have held that upon the death of a joint owner of such an account, the entire balance due on the account passes to the survivor, it would seem that the survivor takes an estate which is in all respects similar to an estate in joint tenancy.

In Tax Commission v Hutchison, supra, on page 365, the Supreme Court of Ohio, following the case of Marble v Treasurer, 245 Mass., 504, terms the owners of a joint and survivorship bank account "quasi joint tenants", and the Court also says that it was "disposed to follow the case of Marble v Treasurer * * *, wherein it was held that a husband and wife were quasi joint tenants of savings bank deposits in their names subject to withdrawal by either or the survivor, and the sole beneficial interest accruing to the wife on the husband's death was taxable under G. L. c 65, Section 1."

As an estate in joint tenancy the survivor takes the whole estate. Should the Court, therefore, tax the entire estate? In **Tax Commission v Hutchison, 120 Oh St 368**, the Court said:

"We think that, where the right to absorb the whole fund was in either Hutchison or his wife at any time prior to his death, it must be the time of such death that measures the right of the survivor; as it was entirely problematical whether there would be any fund subject to succession until after one of the joint owners had died. The time of death of one measures the rights of the other in the property in question."

The Court further said:

"We are of opinion that by the death of James Hutchison there was an accrual to Letitia Hutchison of an exclusive right to the entire fund which she did not theretofore possess. The state claims that this amounted to one-half of the fund in question and was donative in character, and our conclusion is that the same is subject to the succession tax, as provided in §5332 GC."

The case of Tax Commission v Hutchison is not, however, a positive answer to the problem before the Court. In this case each of the parties was the owner of one-half of the money that went into the bank deposits. The Court, in computing the tax, assessed the sur-

vivor with only the succession to one-half of the accounts, the amount of her contribution. What if she had contributed nothing to the account,—would the whole account then have been subject to the tax?

**Sec. 5332 GC,** referring to the right of the survivor to the whole property, on the death of one of the joint owners, says:

"* * * the accrual of such right by the death of one of them shall be deemed a succession taxable under the provisions of this subdivision of this chapter in the same manner as if the enhanced value of the whole property belonged absolutely to the deceased person, and had been by him bequeathed to the survivor or survivors by will."

According to the statute, the taxable interest of the survivor is the "enhanced value" of the whole property, and this is to be taxed as if it "belonged absolutely to the deceased person".

The word "enhance" means to augment or to make larger or to become larger. The only value that could increase would be the value of the estate accruing to the survivor in excess of the interest he owned at the time of the creation of the joint account; in other words, the value in excess of his contribution to the estate at the time of its creation.

This view is supported by the definition of the Court found in Butler v Fitzgerald, 43 Nebr. R. 192, paragraph 6 of the syllabus, which is:

"'The phrase 'enhanced in value,' found in section 7, chapter 23, Compiled Statutes, 1893, is limited in its meaning to appreciation in the value of real estate by reason of improvements put thereon by the alienee."

The phrase "enhanced value" in the Ohio Statute seems to be analogous to a phrase used in the Massachusetts Statute, G. L. c 65, Sec. 1, to-wit:— "beneficial interest". The phrase appears in the statute as follows:

"All property within the jurisdiction of the commonwealth * * * and any beneficial interest therein which shall arise or accrue by survivorship in any form of joint ownership in which the decedent joint owner contributed during his life any part of the property held in such joint ownership, * * *, to any person * * * shall be subject to a tax * * *"

Our Supreme Court in **Tax Commission v Hutchison,** 120 Oh St 361, commenting on the case of Marble v Treasurer, 245 Mass. 504, said:

"We adopt the following paragraph found in the opinion:
"'By reason of the death of Marble, Mrs Marble alone now has an interest in these deposits arising or accruing by her survivorship, which she did not have before. That beneficial interest is to absolute title to the deposit, free from the pre-existing right, absolute in its terms, which Marble undoubtedly possessed during his life to withdraw the whole or any part of these deposits on his individual receipt, and to dispose of the money on his individual account. These deposits vested in the complete possession and enjoyment of Mrs Marble on the death of her husband; there resulted to her upon his death, for her sole beneficial interest, a complete cessation of his power to exercise any control over the deposits, or to enjoy any benefit from them, and this interest which accrued to her by survivorship in this "form of joint ownership" and which she now has is taxable under the statute.'"

The beneficial interest mentioned in the Massachusetts Statute is defined by the Court in the paragraph just quoted, as "an interest in these deposits arising or accruing by her survivorship, which she did not have before. That beneficial interest is to absolute title to the deposit," etc.

The claim of the exceptors that the parties to the joint accounts are the owners of equal shares in the accounts and should be taxed only on the basis of

equal ownership is wrong, in the opinion of this Court, because in such case the tax would be assessed on the theory of a succession by a tenancy in common, where each owner of the property is entitled only to an equal share, whereas, as has been heretofore pointed out in this case in respect to joint and survivorship accounts, on the death of one of the joint owners the right to the entire fund passes to the survivor, and the statute, §5332 GC, requires the assessment to be made as if the survivor succeeded to the enhanced value of the whole estate. The claim of the exceptors also ignores the fact that under the incident of survivorship, before the occurrence of death either party possessed the right to withdraw the entire fund in the account; whereas, under the theory of the exceptors, neither of the joint owners could withdraw more than his fractional share. Furthermore, the amount that was taxed in the Hutchison case was the amount of the account that Mrs. Hutchison acquired in excess of what she owned at the time the account was created.

Hence, it is the opinion of this Court, drawn from the facts and the principles of law herein set forth and discussed, that the enhanced value of a joint and survivorship bank account, which the statute declares to be a taxable succession, is that portion of the account which accrued to the surviving owner or owners by reason of the death of one of them, in excess of the contribution made by the survivor or survivors to the account at the time of its creation.

The exceptions in both cases will, therefore, be overruled.