McKEE, Estate of, In re.

Probate Court, Shelby County.

No. 10911.   Decided December 12, 1960.

Mr. *Urban Doorley* and *Mr. Harry K. Forsythe,* for executor.

Mr. *Joseph L. White,* assistant attorney general, for Department of Taxation.

For further history see *Omnibus Index* in bound volume.

HUSSEY, P. J.   Ruth Karch McKee, decedent herein, died a resident of Shelby County, Ohio, on September 27, 1959. An Application for the Determination of Inheritance Tax was filed by the executor and there was listed in Schedule D therein certain joint and survivorship property in the form of stocks and certificates of deposit under the name of the decedent and her spouse, Merrill B. McKee, a. k. a. M. B. McKee. On July 29, 1960, the court journalized an entry determining the inheritance tax finding the joint and survivorship property to be exempt from inheritance tax, due to the fact that all of the joint and survivorship property was purchased entirely from funds of the surviving spouse.

To this determination the Tax Commissioner filed exceptions.

At the hearing upon the exceptions before the court on September 12, 1960, counsel stipulated that the surviving spouse had purchased the stocks and certificates of deposit in question from his own funds and had possession and control of them from the time of their purchase to the time of decedent's demise and that they had an aggregate value of $64,746.77.

The question at issue is: "May a surviving spouse prove contribution to the acquisition of joint and survivorship property under Section 5731.02 (E), Revised Code, as amended June 17, 1957, when the relationship between such joint and survivor property owners is that of husband and wife?"

Subsection E of Section 5731.02, Revised Code, reads as follows:

"(E) Whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor has a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a succession taxable under this section, in the same manner as if the enhanced value of the whole property belonged absolutely to the deceased person, and he had bequeathed the same to the survivor by will, *Provided when the persons holding said property jointly are a husband and wife, the survivor shall be deemed to have a succession taxable to the extent of one-half the total value of the property without regard to enhancement.*" (The emphasized portion of the above was added by amendment effective June 17, 1957—the only change in the subsection was the addition of the emphasized words.)

Prior to the amendment of June, 1957, the survivor was allowed to diminish the taxable portion of the survivorship property by showing contribution. This led to much confusion. This was especially true where the survivorship property was held jointly by husband and wife and gave rise to many questions. Did the contribution have to be in cash? Could the fact that the fund was a result of the joint savings of a married couple be considered to be a contribution by the wife as survivor? Was indirect assistance in earning, such as maintaining a home, etc., to be considered a contribution? These questions were decided differently by different courts and at times differently by the same court.

In order to correct this condition the Probate Code Committee of the Ohio Probate Judge's Association in 1956 drafted the legislation which was approved by the Association of Probate Judges at their annual convention in January, 1957, and which was enacted into law effective June 17, 1957. Every member of the Probate Code Committee which drafted the legislation, was contacted by this court and their answering letters were made a part of the record and were made available to counsel. They are unanimous in their statements that it was the intention in the drafting of the legislation to correct this situation and to make joint and survivorship property of husband and wife taxable to the amount of one-half, regardless of contribution.

The intention of the legislature in enacting the amendment of June, 1957, obviously was to correct this situation. This method of ascertaining legislative intent is not unique as this method was used in the reasoning by the Supreme Court in the case of *Bown and Sons, Appellee,* v. *Honabarger et al, Appellants,* 171 Ohio St., 247.

It is the opinion of this court that a surviving spouse may not show contribution to the acquisition of joint and survivorship property under Section 5731.02 (E), Revised Code, as amended June 17, 1957, when the relationship between such joint and survivor property owners is that of husband and wife.

The term "enhanced value" has been defined by the court in *In re Estate of Kirkham,* 34 Ohio Law Abs., 405, and this definition has been accepted and followed without dissention. The authority of the state to tax joint and survivorship accounts was determined by the Supreme Court in the case of *Tax Commission* v. *Hutchinson,* 120 Ohio St., 361, which case was followed, commented upon, and enlarged only by defining the term "enhanced value" in the *Kirkham case, supra.*

It is therefore the decision of this court that the joint and survivorship property in the instant case, of the aggregate value of $64,746.77 is taxable to the extent of one-half thereof regardless of contributions. Counsel will draft an entry accordingly saving exceptions to the executor.