ESTATE OF ANTOINETTE P. MITCHELL, THE FARMERS NATIONAL BANK & TRUST COMPANY OF ASHTABULA, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Mitchell v. Commissioner
Docket No. 8098-79.
United States Tax Court
T.C. Memo 1985-573; 1985 Tax Ct. Memo LEXIS 59; 50 T.C.M. (CCH) 1471; T.C.M. (RIA) 85573; November 25, 1985. *59 Held, terms of a testamentary trust created a pre-1942 general power of appointment in petitioner's decedent which was unexercised at the time of her death. Held further, income subject to an unexercised pre-1942 power of appointment is not includable in petitioner's decedent's gross estate. John Howland, for the petitioner. James V. Moroney, for the respondent. NIMS
SUPPLEMENTAL MEMORANDUM OPINION NIMS, Judge:* *60 This case is before us on remand from the United States Court of Appeals for the Sixth Circuit. In an unpublished order filed April 28, 1983, the Court of Appeals affirmed the factual findings of this Court reported in T.C. Memo. 1981-185, but directed us to consider whether the will of Cara R. Paine created a pre-1942 General Power of Appointment and to reopen the record to determine the date of death of Tracy H. Paine, the testator's husband. The Court of Appeals held that if we should now conclude that the will created a power of appointment in the acting trustee, regardless of two the trustee was, then the right of Antoinette P. Mitchell, the decedent herein, to receive income would be contingent upon the discretion of the trustee. In such case, income accumulated at the date of the decedent's death might not be includable in her gross estate for Federal estate tax purposes. The possibility that the will created a power of appointment was raised for the first time by petitioner in its appeal to the Court of Appeals and was therefore not considered by the Trial Judge. As to the second question, the parties have stipulated that the date of death of Tracy H. Paine was June 23, 1950. As a preliminary to our consideration of the first question, we make the following additional finding of fact based upon the record in the proceedings before the Honorable Sheldon V. Ekman, deceased, the Trial Judge herein, to wit: the trust in question (created under the will of Cara R. Paine) was created on September 21, 1934. The facts as above augmented are set out in our prior Opinion and are incorporated herein *61 by reference. The provisions of the testator's will which brought the case to this Court in the first place and are recited in our prior Opinion are a model of ambiguity. We will never know what precisely the scrivener had in mind when he wrote that the decedent "shall have during her life the entire income from said trust for her own purposes as and for her own property to be used, expended and appropriated by her for herself and for the care and education of her children." The will seems to give the decedent everything with one hand and take some of it away with the other. In law, if not in life, a mother and her children are not generally thought of as an entity. The will also provides that the testator's husband, Tracy H. Paine, should be trustee and that upon his death he should be succeeded as trustee by the decedent. Tracy H. Paine did, in fact, qualify as trustee but some years later resigned, a state of affairs not contemplated by the will. Furthermore, the decedent declined to act as trustee, an act also not contemplated by the will, and instead her husband, Donald W. Mitchell, qualified. The relevant provisions of section 2041, [1] entitled "Powers of Appointment", are *62 set out in a footnote below. [2] *63 This case presents a rare instance in which respondent argues against the proposition that a general power of appointment has been created, for "general power" usually spells tax. Nevertheless, the Commissioner's own regulations provide that "[t]he term 'power of appointment' includes all powers which are in substance and effect powers of appointment regardless of the nomenclature used in creating the power and regardless of local property law connotations." Section 20.2041-1(b)(1), Estate Tax Regs. We think the will provision before us vests in decedent a general power of appointment without referring to the power as such. Whatever else it may do, the will indisputably gives the decedent, after the death of her father, access to the trust income unfettered by an articulated "ascertainable standard relating to the health, education, support, or maintenance ofthedecedent." Section 2041(b)(1)(A) (emphasis added). The absence of such an ascertainable standard defines "general power of appointment" *64 for Federal estate tax purposes. Ohio law, which as the Circuit Court points out in its order determines the nature of the decedent's interest in the accumulated income, supports the conclusion that decedent's power over the accumulated income at the time of her death was tantamount to, or was in actuality, a general power of appointment. In Ohio, a power of appointment is defined in section 1339.15 of the Ohio Revised Code (Page 1979), which states: As used in sections 1339.151 [1339.15.1], 1339.16 and 1339.17 of the Revised Code, "power of appointment" means any power which is in effect a power to appoint, however created, regardless of the nomenclature used in creating the power and regardless of connotations under the law of property, trusts, or wills. Such power includes but is not limited to powers which are special, general, limited, absolute, in gross, appendant, appurtenant, or collateral. The opinion in Bowerman v. Bowerman,67 Ohio App. 425, 35 N.E.2d 1012, 1014 (1941), by an Ohio Court of Appeals further defines a power a "a liberty or authority reserved by, or limited to, a person to dispose of real or personal property for his own benefit, or the benefit of others, and *65 operating on an estate or interest vested either in himself or some other person, the liberty or authority, however, not being derived out of such estate or interests." To summarize, under ITEM SEVEN of the testator's will decedent was empowered to succeed her father, Tracy H. Paine, as sole trustee and to consume, invade or appropriate the trust income for her own benefit without the restriction of a standard relating to her own health, education, support, or maintenance. We think the decedent's refusal to qualify and serve as trustee under the will constituted a complete release of the power which, under section 2041(a)(1), is not deemed to be an exercise thereof, and which in turn renders the power non-taxable. Section 2041(a)(1) (flush language). And under Ohio law, as under the Commissioner's regulations, the fact that decedent could have held such power in the capacity of trustee is not material. We hold therefore, that the testator's will vested a general power of appointment in the decedent. In respondent's brief, it is stated that "[r]espondent concedes that, under I.R.C. § 2041(a)(1)(B), if the income was subject to such a power of appointment, the power was not exercised, *66 and therefore, the undistributed net income would not be includible in petitioner's gross estate pursuant to I.R.C. § 2033." In light of our holding on the power of appointment question, this concession requires a decision in favor of petitioner. For completeness, we should recognize that on brief respondent makes the following argument: Since the decedent had an absolute right to the income of the testamentary trust after the death of her father for the remainder of her life, the income was not subject to a pre-1942 general power of appointment, and was includable in her gross estate pursuant to the general provisions of section 2033. [3] While this argument is essentially the previous holding of this Court, upon further reflection we do not believe that it takes sufficient account of the ambiguity created by the will's direction that decedent is to have the entire income from the trust for her own purposes, and at the same time is to share the income for the care and education of her children. It seems to us very possible that if asked to construe the ambiguous language the Ohio Court would have imposed some sort of limitations upon the decedent's access to the trust income. It would *67 be inconsistent to say, on the one hand, that the decedent's estate is not taxable on an unexercised pre-October 21, 1942 general power of appointment, while saying on the other hand that the decedent's estate will be taxable under section 2033 on accumulated trust income which decedent might or might not have had to share with her children. A general power of appointment is substantially the same as outright ownership of the property to which it is subject. See Morgan v. Commissioner,309 U.S. 78, 81 (1940); 5 Bittker, Federal Taxation of Income, Estates and Gifts, par. 128.1, p. 128-4 (1984 ed.). Yet, the property subject to the general power of appointment under scrutiny, although virtually owned by the decedent, is not includable in her gross estate for the reasons stated. A fortiori, the interest which the decedent might have been required to share with her children is not includable. After this case was remanded to us by the Sixth Circuit, that court decided Finlay v. United States,752 F.2d 246 (6th Cir. 1985). *68 The court there held that a trust provision giving a decedent the "right to encroach" upon the trust estate for her own benefit without other specified limitations was analogous to a life estate under Tennessee law. And under such law, the right to encroach gave that decedent only the right to so much of the principal as was required for her reasonable support and maintenance. In other words, Tennessee law would provide the requisite ascertainable standard to take the right of encroachment out of the general power of appointment category. This being the case, the property subject to the right of encroachment was not includable in the decedent's gross estate. We need not enquire whether a comparable result would obtain under Ohio law so as to create a non-taxable limited power of appointment, since we hold the general power in our case to be non-taxable. Decision will be entered for the petitioner.
Footnotes
*. By order of the Chief Judge dated August 29, 1983, this case was assigned to Judge Herbert L. Chabot for further proceedings consistent with the order and mandate of the United States Court of Appeals for the Sixth Circuit filed April 28, 1983, on remand. By order of the Chief Judge dated August 28, 1985, the case was reassigned to Judge Arthur L. Nims, III↩.
1. All section references are to the Internal Revenue Code of 1954 in effect at the date of death of Antoinette P. Mitchell. ↩
2. Section 2041 provides in pertinent part as follows: (a) IN GENERAL.--The value of the gross estate shall include the value of all property-- (1) POWERS OF APPOINTMENT CREATED ON OR BEFORE OCTOBER 21, 1942.--To the extent of any property with respect to which a general power of appointment created on or before October 21, 1942, is exercised by the decedent-- (A) by will, or (B) by a disposition which is of such nature that if it were a transfer of property owned by the decedent, such property would be includible in the decedent's gross estate under sections 2035 to 2038, inclusive; but the failure to exercise such a power or the complete release of such a power shall not be deemed an exercise thereof. * * * (b) DEFINITIONS.--For purposes of subsection (a)-- (1) GENERAL POWER OF APPOINTMENT.--The term "general power of appointment" means a power which is exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate; except that-- (A) A power to consume, invade, or appropriate property for the benefit of the decedent which is limited by an ascertainable standard relating to the health, education, support, or maintenance of the decedent shall not be deemed a general power of appointment.
3. Section 2033 provides: The value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death.↩