## In re FLYNN.

(District Court, W. D. Pennsylvania. January 16, 1924.)

No. 10923.

1. **Bankruptcy ⬅148—Trustee became entitled to land held by bankrupt and wife as tenants by entirety on wife's death prior to discharge.**

Where husband and wife held real estate as tenants by entirety at time of husband's adjudication, the trustee, on wife's death before husband's discharge, became entitled to the real estate under Bankruptcy Act, § 47a (2), as amended in 1910 (Comp. St. § 9631), notwithstanding section 70a (Comp. St. § 9654), since trustee's lien against husband's interest in estate became enforceable on wife's death.

2. **Husband and wife ⬅14(2)—"Estate by entireties" passes to survivor.**

"Estate by entireties" dies with owner, and survivor has fee-simple title to the whole.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Entirety (Estate by).]

In Bankruptcy. In the matter of Paul Flynn, bankrupt. On review of referee's order requiring bankrupt to surrender cer-

tain real property to trustee in bankruptcy. Affirmed.

Schuyler, Kountz & Fry, of Pittsburgh, Pa., for creditors.

J. Albert Reed, of Washington, Pa., for bankrupt.

Alex M. Templeton, of Washington, Pa., for objecting creditor.

SCHOONMAKER, District Judge. This case comes before the court on referee's certificate on review. The facts involved are agreed upon in the form of a case stated filed with the referee, by which it appears that the bankrupt and his wife, prior to adjudication in bankruptcy, became seized as tenants by entirety of land in Washington county, Pa., and were in possession of said premises on the date of the filing of the petition in involuntary bankruptcy herein, and that since the date of the filing of said petition, and prior to the date of discharge of the bankrupt herein, Francis P. Flynn, wife of the bankrupt, died. The bankrupt continued in possession of said premises, which the trustee in bankruptcy is now asking the court shall be surrendered to the trustee for sale as a part of the assets of the bankrupt estate.

The question, therefore, presented to the court for ruling by the certificate of the referee, is whether, where a husband and wife hold real estate as tenants by entirety, and the husband is adjudged a bankrupt, and his estate is in the possession of a trustee, and subsequently, and before the husband is discharged, the wife dies, the trustee thereupon becomes entitled to possession of said real estate. The referee has decided this question in the affirmative, and has ordered and directed the trustee to seize the premises in question and dispose of it according to law.

The bankrupt contends that this case is ruled by section 70a of the Bankruptcy Act (Comp. St. § 9654), which provides: "The trustee of the estate of a bankrupt, upon his appointment and qualification * * * shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt * * * to all * * * property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold. * * *" Under this section of the Bankruptcy Act the trustee merely steps into the position of the bankrupt.

The trustee in bankruptcy in this case, however, contends that this case is not ruled by the provision of section 70a above quoted, but is ruled by the amendatory act of 1910, section 47a (2), being Comp. St. § 9631, which provides: "And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

[1] Now, it is perfectly clear that under the laws of Pennsylvania, at the time of the filing of the petition in bankruptcy in this case, the estate in question was held by the bankrupt and his wife as tenants by entirety, and that neither the bankrupt himself might have sold this property nor could it have been levied upon and sold by execution against the bankrupt. Therefore, if the provisions of section 70a cover the case under consideration, the trustee is not entitled to any relief against the premises in question. In our opinion, however, the provisions of section 70a do not apply to the instant case, but this case falls clearly within the provisions of section 47a (2) of the amendatory act of 1910, above quoted. It will be noted that the trustee in bankruptcy has vested in him an additional right, namely, that of a creditor holding a lien against the bankrupt's estate, either by legal or equitable proceedings thereon, or that of a judgment creditor. Viewing the case from the point that the trustee, upon the adjudication, became vested with the rights of a judgment creditor, we have another situation. The trustee had the equivalent of a judgment lien against the husband's interest in this estate, which was held by the bankrupt and his wife by entireties, and could not execute that lien during the life of the wife. But immediately upon the death of the wife the lien became enforceable against the estate, which had formerly been held by the husband and wife by entireties.

[2] This estate by entireties is exceptional and peculiar. It dies with the owner, and only the survivor has the fee simple title to the whole. The Supreme Court of the state of Pennsylvania, in passing upon a judgment lien which was recovered against the husband during the lifetime of his wife, and while they were seized in entireties of the premises involved, has held that such a judgment became enforceable against the premises involved, upon the death of the

wife, as a judgment lien upon the premises, prior in point of fact even to a mortgage upon the premises given by the husband and wife during her lifetime. Fleek v. Zillhaver, 117 Pa. 213, 12 Atl. 420.

Again, in another case, the Supreme Court of Pennsylvania held that the expectant interest of the husband in real estate held by entireties was subject to lien of judgment against the husband, which, upon the death of the wife, would be enforceable against him. Beihl v. Martin, 236 Pa. 519, 84 Atl. 953, 42 L. R. A. (N. S.) 555. In this case Mr. Justice Stewart said: "By this reasoning we reach the conclusion that the lien on the expectant interest of the husband becomes enforceable only when the expectancy ripens into a realized fact; then execution is not upon an expectancy, but upon an actual existing estate. * * * The owner of such lien must hold it subject to its possible extinction in either of two events, the predecease of the husband, or the alienation of the estate by the joint act of the parties."

In the instant case, under the amendatory act of 1910, we have the trustee in the position of a judgment creditor holding a lien against the expectant interest of the husband in the real estate in question, which has become enforceable when the expectancy has ripened into an absolute estate by the death of the wife. The husband's expectancy in the real estate in question was realized before the date of his discharge in bankruptcy, and while the trustee was vested with the lien of a judgment creditor against the premises in question.

It therefore seems to us that the referee was entirely correct in holding that the premises in question were subject to seizure and sale by the trustee in bankruptcy and that the order of the referee in bankruptcy of November 5, 1923, directing the trustee to seize and dispose of the premises in question should be confirmed.

An order may be entered accordingly.