GEORGIANNA RAPTES *vs.* WILLIAM PAPPAS & another.

Middlesex.     December 3, 1926. — March 30, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Tenancy by the Entirety.   Attachment.   Execution.   Husband and Wife.*

One, to whom, at a sale under a levy on execution, has been sold and conveyed all the right, title and interest (not exempt by law from attachment or levy on execution) the judgment debtor had in certain real estate owned by the judgment debtor and his wife as tenants by the entirety, receives an immediate right to possession of the premises during the joint lives of the judgment debtor and his wife; and also a remainder in fee in case, and in case only, the judgment debtor survives his wife.

WRIT OF ENTRY in the Land Court dated March 26, 1926, against William Pappas and Dora Pappas, otherwise known as Vassilios Cheros and Dora Cheros.

In the Land Court, the case was heard by *Corbett*, J., who ordered judgment as stated in the opinion. The tenants appealed.

*S. Baker*, for the tenants.

*F. M. Qua*, for the demandant.

SANDERSON, J. This is a writ of entry in which the demandant alleges that she was seised of the real property, therein described, in an estate for the joint lives of the tenants with a contingent remainder in fee, of which she was unjustly disseised by the tenants.

It was agreed that the real estate was conveyed to the tenants under the names William and Dora Pappas "husband and wife as joint tenants by the entirety"; that the tenant Vassilios Cheros was indebted to the plaintiff on a certain promissory note, upon which she obtained judgment against him; that thereafter a deputy sheriff levied upon and took all the right, title and interest (not exempt by law from attachment or levy on execution) the judgment debtor had, sold the same at public auction to the demandant, and conveyed to her that right, title and interest by sheriff's deed, duly recorded. In making the attachment, levy and sale, the deputy sheriff complied with all the requirements of the law.

The contention of the tenants is, that the demandant cannot recover either the possession or title against them or either of them, because theirs is a tenancy by the entirety. At common law in such a tenancy the husband and wife are seised of the estate so granted as one person, and not as ordinary joint tenants or tenants in common, and an incident of such an estate is that the survivor of the marriage is entitled to the whole, a right which one cannot destroy without the assent of the other. *Morris* v. *McCarty*, 158 Mass. 11. "By that law the right to control the possession of such an estate during their joint lives is in the husband, as it is when the wife is sole seised. 'Neither could convey during their joint lives so as to bind the other, or defeat the right of the survivor to the whole estate'; . . . but, subject to this limitation, the husband has the rights in it which are incident to his own property, and the right which by the common law he acquires in the real property of his wife. He has, during coverture, the usufruct of all the real estate which his wife has in fee simple, fee tail, or for life." *Pray* v. *Stebbins*, 141 Mass. 219, 223, 224. Statutes relating to the separate rights of married women have not changed the common law rights of the husband in such estates. *Pierce* v. *Chace*, 108 Mass. 254. *Pray* v. *Stebbins, supra. Boland* v. *McKowen*, 189 Mass. 563. *Voigt* v. *Voigt*, 252 Mass. 582. A tenancy by the entirety may be taken on an execution issued against the husband, and the purchaser at the sale on

execution may maintain a writ of entry against him for possession and title. Such possession and title will fail in the event of the wife surviving him. The purchaser may maintain the writ against the wife for possession but not for her title; if she survives her husband she will have an absolute title with the right to possession. If the husband survives the wife the demandant's title will be absolute.

In accordance with the decision of the Land Court, judgment is to be entered for the demandant against the tenant Vassilios Cheros (otherwise called William Pappas) for possession of the premises and for all the title which he had therein, to wit, a life estate for the joint lives of the tenants with a remainder in fee in case the tenant Vassilios Cheros shall survive his wife, Dora Cheros; and against the tenant Dora Cheros (otherwise called Dora Pappas) for possession only.

*So ordered.*