On or about May 29th, 1922, Leonard D. Brooks and Maud Brooks, his wife, opened a savings account in the Dover Trust Company. Both signed the signature card in the form then used by the bank, on the back of which was printed the words: "This account and all moneys to be credited to it belongs to us as joint tenants and will be the absolute property of the survivor of us; either and the survivor to draw." From time to time each made deposits in the account and individually drew drafts against it and the bank credited the account with interest. Deposits made to and drafts drawn against the account, were not equal in amount, and it cannot be determined from the evidence, with certainty, whether it was money of the husband, or wife, or both, which made up the various deposits. The husband and wife now insist the account was a joint one, in which their rights were equal, and I find from the evidence that it was such an account, including the right of the survivor to take. On April 14th, 1931, the sheriff of Morris county executed a writ of attachment at the suit of Ross E. Jones against said Leonard D. Brooks, by levying on Brooks' interest in the account and thereafter the suit proceeded to judgment and said sheriff made a further levy on such interest under execution issued on the judgment. The bank being in doubt as to whom the fund on deposit with it belonged, paid it into court on a bill of interpleader *Page 42 
and the contest here is between Jones on the one hand and Mr. and Mrs. Brooks on the other.
The Attachment act (Comp. Stat. p. 132) provides (section 1), that an attachment may issue against the rights, credits and moneys of a non-resident debtor and (section 33) that the act shall be construed in the most liberal manner for the benefit of creditors. Under the Execution act (Cum: Supp. Comp. Stat.p. 1205 § 71-9B), rights and credits which may be levied on under execution, include all rights and credits which may be taken under a writ of attachment. There can be no doubt that Brooks' interest in the account was subject to attachment and levy.Hill v. Beach, 12 N.J. Eq. 31; Clements v. Jessup, 36 N.J. Eq. 569; Curtis v. Hollingshead, 14 N.J. Law 402; Brown v.Bissett, 21 N.J. Law 46; Allen Vail v. Agnew,24 N.J. Law 443; Fox v. Cronan, 47 N.J. Law 493.
In a joint tenancy in personal property four unities must exist, viz.: unity of interest, title, time and possession. 33Corp. Jur. 907; L.R.A. 1917-C 571; Schoul. Pers. Prop. § 156.
Joint tenancy in personal property in a husband and wife differs from their tenancy by the entirety in land, in that in the case of personal property either joint owner may sever the unity of interest without the consent of the other (Washburn Campbell
v. Burns, 34 N.J. Law 18) and in the event of severance, the joint owners become tenants in common and the right of survivorship ceases (Allen v. Agnew, supra; Fox v. Cronan,supra; Morristown Trust Co. v. Capstick, 90 N.J. Eq. 22;affirmed, 91 N.J. Eq. 152; In re McKelway, 221 N.Y. 15; Loker v.Edmans, 197 N.Y. Supp. 857) and a joint tenancy may be severed by execution levied against the interest of one of the joint owners. Corp. Jur., supra; L.R.A., supra. The service of the writ of attachment and the levy under execution worked a severance of Mr. and Mrs. Brooks' joint ownership in the account in question and made them tenants in common thereof and terminated the right of survivorship. The question then is: What was the extent of Brooks' interest as a tenant in common, taken under the attachment and execution? I do not think that the *Page 43 
fact that the deposits and withdrawals made by Mr. and Mrs. Brooks were unequal in amount, has any bearing in determining that question in this case, because by the form in which they opened and maintained the account for nine years, as each made a deposit in the account, he or she gave to the other an interest in such deposit co-extensive with the interest of the one making the deposit and each had equal rights with the other to draw against such deposits and to withdraw any part, or the whole of the account. I conclude that the attachment issued at Jones' suit and the execution issued on the judgment entered therein, effected a severance of Mr. and Mrs. Brooks' joint interest in the account and that they thereupon became tenants in common thereof in equal shares. The result is that one-half of the fund in court should be ordered paid to Jones, or to the sheriff who holds the execution in his suit against Brooks, to apply on account of Jones' judgment and that the other half should be ordered paid to Mrs. Brooks. *Page 44