*Municipal Court of the City of Boston*

No. 484888

**LEROY M. HERSUM**

v.

**SAMUEL HOMSEY**
**AND**
**ALLAN STURGES, LIQUIDATING AGENT, TR.**

(May 6 — August 12, 1960)

*Present:* Adlow, C. J., Shamon & Glynn, JJ.

Case tried to *Doherty, Sp. J.*

*Adlow, C. J.* Action of contract brought against Samuel Homsey of Delaware by trustee writ dated June 5, 1958. The trustee answered that he had no goods, effects or credits of the defendant at the time of service, but that he did hold property owned by the defendant and another jointly. To the refusal of the court to charge the trustee on his answer the plaintiff brings this report.

It appears that the defendant, Samuel Homsey and his wife, Victorine Homsey, were on June 4, 1958 *joint owners of shares* in the Pilgrim National Bank of Boston. On June 2, 1958 the trustee was appointed Liquidating Agent of this bank pursuant to a vote of the Board Directors recommending liquidation. At the same time the Trustee received sufficient funds to pay to each shareholder a liquidating dividend of $25.00 per share. *At the time of service of the writ the Trustee had in his possession the liquidating dividend of Samuel and Victorine Homsey.*

On the above facts the ruling of the court was proper. In this Commonwealth it has long been settled that a joint debt cannot be severed and appropriated, in whole or in part, to discharge the several debt of one. *Hawes*

*v. Waltham,* 18 Pick. 451 ; *Stillings v. Young,* 161 Mass. 287, 288.

While it is true that the creditor's right to reach the interest of a husband in an estate by the entirety has been recognized, this right is predicated on the fact that "statutes relating to the separate rights of married women have not changed the common law rights of the husband in such estates." *Raptes v. Pappas,* 259 Mass. 37, 38.

In the instant cause the fund in issue is the joint property of the defendant and his wife. Being personal property it is in no manner affected by the marital status of the co-owners. Each has a present interest in the fund held by the trustee. The obligation of the trustee is to both. Under the circumstances, it cannot be said that the money was due to the defendant absolutely and without contingency. G. L. c. 246, §32 (4).

<em>Report dismissed.</em>

O'Connell & O'Connell of Boston, for the Plaintiff.

Francis J. Bousquet, for the Defendant.

## Shamon J. *dissenting*:

In this action of contract, commenced by trustee writ dated June 5, 1958, funds allegedly belonging to the defendant, Samuel Homsey, in the possession of Allan Sturges, liquidating agent of the Pilgrim National Bank of Boston, were trusteed. The trustee answered that at the time of the service he had no goods, effects or credits of the defendant Samuel Homsey, but that he did hold property owned by the defendant and another

jointly.

Upon interrogation of the trustee, it was disclosed that on the date the trustee writ was served upon him, he had funds belonging to the defendant and Victorine Homsey, as joint owners, the latter being the defendant's wife. Thereafter a motion to discharge the trustee was allowed after a hearing thereon, wherein the plaintiff filed the following requests for rulings:

1. Upon the law, the attachment by trustee process as made in this case, is valid.

2. The plaintiff is entitled to a ruling that the attachment by trustee process is valid.

3. The plaintiff is entitled to a ruling that, upon all the evidence and pleadings, the trustee process is valid and should stand.

4. The plaintiff is entitled to a ruling that, upon all the evidence and pleadings, the plaintiff's attachment trusteed the property of the defendant.

The court denied all of these requests.

The issue in this case is whether there were any funds belonging to the defendant, standing in the name of the defendant Samuel Homsey and his wife, Victorine Homsey as joint tenants, in the possession of the trustee, which could be attached legally by the plaintiff in a claim against the defendant husband.

Courts have applied traditionally to jointly owned property and accounts the same common law rules that have been applied to joint tenancies in real property and in other types of personal property. However, the unusually liquid nature of the joint account property

interest has demanded more flexible rules that could be applied through strict adherence to the inflexible pattern of the common law joint tenancy.

In the case at bar, it is important to decide whether the defendant, Samuel Homsey, possessed the right to terminate the joint tenancy with his wife in order to determine the validity of the plaintiff's attachment. The law as to the terminating of a joint tenancy can be stated as follows:

Generally, a joint tenancy may be terminated by any act which destroys one or more of its essential unities, by operation of law, by death, by voluntary or involuntary acts of the joint tenants, or by certain acts or omissions of one joint tenant without the other.

The act which most commonly raises the issue of severence is the withdrawal of all or a part of the joint tenancy funds by one joint tenant *without the consent of the other.* The common law rule of severance by withdrawal is classically restated by a New Jersey court as follows:

"If either of two joint tenants withdraws the entire fund, the joint tenancy therein is destroyed, although each is left entitled to one-half of the money." (See Steinmetz v. Steinmetz, (1941), 130 N. J. Eq. 176, 23 A 2nd 743; Stout v. Sutphen (1943) 132 N. J. Eq. 583, 29A. 724.)

In the case of Goc. v. Goc, the New Jersey court set out the elements which resulted in the destruction of the joint tenancy: "When

the husband withdrew the bank account deposited to the husband and wife as joint tenants, the husband *severed the unities of interest and possession,* thereby making himself a tenant in common of the funds to the extent of his half interest therein, and he held the equal share of his wife as her agent or trustee." (emphasis supplied). (See Goc v. Goc, (1943) 134 N. J. Eq. 61, 33A 2nd 870.)

Many important jurisdictions have upheld the common law rule of severence in joint accounts. These courts hold that where only a part of the funds in the account is withdrawn, a severence takes place to the extent of the withdrawal of the share of the joint tenant.

In the case of In Re Suter's estate, (1932) 258 N.Y. 104, 179 N.E. 310, the husband, one of two joint tenants withdrew certain funds from the joint account and subsequently died. There was no dispute as to the surviving joint tenant's right to take the balance in the account by right of survivorship. Nevertheless the wife sued, claiming a share in the amount withdrawn by the deceased joint tenant. The court held that the deceased had the right to destroy the joint ownership in the entire deposit to the extent of his withdrawal of no more than his equal share for his own use. The opinion in the Suter case was not only cited and relied upon but actually was expanded by the court in the case of In Re Hoffman's Estate (1940) 175 Misc. 607, 25 N.Y.S., 2nd, 339.

In the Hoffman case, a pledge of the whole account by the husband, who subsequently died, to secure his own debts, was considered to be tantamount to a withdrawal. It is significant to note the language of the court with particular reference to the question of severence: "The wife, as survivor, became entitled, upon the death of her husband, to the balance in the account. The incident of the right of survivorship is a characteristic of a joint tenancy, but a joint tenancy may be terminated or severed before such right accrues by the act of either tenant. A joint tenant, as an incident to his tenure, may always terminate the joint tenancy by transfer or conveyance of his interest. Joint ownership of a bank account does not differ from any other joint ownership. Decedent could not, by withdrawing the entire deposit, destroy the joint tenancy of title of his wife, as survivor, although he could destroy the joint ownership in the entire deposit to the extent of his withdrawal of no more than his equal share for his own use.

The inherent right of each joint tenant to dispose of his undivided interest is unrestricted. The disposition may take the form of a sale, assignment, gift, mortgage or pledge.

The fact that the husband did not withdraw the funds from the savings account does not make the severence less real. By depositing the account book and signed orders on the account, he put the (pledgee) bank in a position, upon his default, to make the actual

withdrawal. In legal effect, his act (of pledging the joint account) was tantamount to a withdrawal of his interest. Inasmuch as the act of the decedent constituted a severence of the tenancy to the extent of his one-half interest in the account, and the ownership of which remained in him and passed at death to his representative, subject to the (bank pledgee's) right, executrix should . . . include such interest in her accounting. *The remaining half is determined to be her sole and absolute property."* (Emphasis supplied.)

The same rules that govern severence by withdrawal of funds from the account generally hold true for severence by *levy of execution* against the account, by pledge, by assignment or by attachment. The Hoffman case, supra, held that the pledge of the account as security for a loan would operate to sever the joint tenancy as surely as a withdrawal would sever it.

In Dover Trust Co. v. Brooks (1932) 111 N.J. Eq. 40, 160 A. 890 a joint account of a husband and wife was levied upon to satisfy a judgment against the husband. The court held that a levy of execution thereon in a suit against the husband effected a severence of the joint tenancy so that the parties became tenants in common, and the levy reached only the husband's half of the account.

Similarly in a garnishment action where it was sought to subject the interest of one of three joint tenants in a bank account to a judgment against that joint account, the court

found that the garnishment enforcement was to sever the joint tenancy and make the judgment debtor a tenant in common with the other two joint tenants. One-third of the account, therefore, became subject to the judgment, the other two parties to the account becoming tenants in common with the judgment debtor and joint tenants with each other in the remaining two-thirds. (See American Oil Co. v. Falconer (1939) 136 Pa. Superior Ct. 598; 8 A. 2nd 418.) A voluntary conveyance such as an assignment of funds in the account will operate to sever the joint tenancy and will be effective only as to the assigning joint tenant's interest. (See Milan v. Boucher (1934) 285 Mass. 590, 189 N.E. 576.)

Courts generally hold that if the act of severence has resulted in a claim against the joint account by a third party, that the claim will be enforceable only to the extent of the interest of the acting joint tenant, the co-tenant becoming sole owner of his share as a tenant in common.

In the present case, it is undisputed that the trustee held funds at the time of the service of the writ upon him standing in the name of the defendant and his wife as joint owners (pages 2 and 3 of the report). The report further sets forth on page 3 the trustee's motion to be discharged in which the trustee recites that he held 732 shares of the Pilgrim National Bank of Boston in the name of said Samuel Homsey and Victorine

Homsey as joint owners. The trustee's motion to be discharged was allowed.

In these recitals, the report is contradictory. In his answers to the plaintiff's interrogatories, he admits the possession of funds turned over to him on June 4, 1958 in settlement of the 732 shares of Pilgrim National Bank of Boston stock. He did not hold the stock but the cash and it was this fund which was attached. It is elementary that only in equity can shares of stock be attached so that we must hold that in his answers to interrogatories, the trustee has given us the status of the trustee writ upon him viz., that he held the funds which were the proceeds of the liquidation of the 732 shares of stock.

In the view of Massachusetts law and decisions, joint tenancies are still construed as at common law. Massachusetts, more than any other state, still adheres more closely to the common law in many facets, particularly in reference to joint accounts. Massachusetts has construed accounts in the name of husband and wife to be tenants by the entirety where no other designation appears. (See *Hoag v. Hoag,* 213 Mass. 50.) Our courts presume that the intention of husband and wife is to make the tenancy one of entirety. Though applied more frequently in real estate conveyances, nevertheless, the presumption has been extended to personality. See *Marble v. Treasurer & Receiver General,* 245 Mass. 504; *Boland v. McKeown,* 189 Mass. 563.

In *Chippendale v. North Adams,* 222

Mass. 499, the personal property was a deposit in a savings bank.

In tenancies by the entirety, the husband is entitled to the usufruct of the estate and has the exclusive right to possession, the wife possessing and initially retaining only the ultimate right to the property in the event of her survivorship. *Pray v. Stebbins,* 141 Mass. 219; *Raptes v. Pappas,* 259 Mass. 37.

A creditor of the husband may attach and levy execution on the husband's exclusive right to possession and such creditor holds the husband's rights until the issue of survivorship has been determined. If the wife survives the husband, the creditor receives nothing. *Raptes v. Pappas, supra. Licher v. Gluskin,* 265 Mass. 403; *Phelps v. Simons,* 159 Mass. 415.

The report in this case has been treated as one of a husband and wife joint tenancy and as such, either could have severed the joint tenancy at any time during their joint lifetime. *Marble v. Treasurer & Receiver General,* 245 Mass. 504 and the husband's share in the case at bar was liable for his debts as was the wife's since it was not by the entirety. *R. H. White Co. v. Lee,* 267 Mass. 112 in which a joint account was permitted to be attached by a creditor of one of the joint tenants. *Hayden v. Binney,* 7 Gray 416; *Ames v. Chandler,* 265 Mass. 428, in which the court held that the estate of a joint tenant was subject to attachment and levy. See G. L. c. 236, s. 12, and his interest in such account

was liable for his debts. (See G. L. c. 167, s. 14; c. 214, s. 3 (7) and c. 223, secs. 102-105.

The case of *Splaine v. Morrissey,* 282 Mass. 217 is decisive of the issue in this case. In that case the court held "The interests of the deceased and his wife in each savings bank deposit obviously constituted some kind of joint ownership with right of survivorship. Such ownership between husband and wife is presumably a tenancy by the entirety though an ordinary joint tenancy or some other form of joint ownership by them could be created if the intention to do so clearly appeared."

Such cases as *Howes v. Waltham,* 18 Pick. 451 are inapplicable to the present controversy. In *Howes v. Waltham* (supra), the court held that a creditor holding a non-partnership claim against one of two partners individually could not attach a debt due the partnership. This is an elementary rule of partnership law since Massachusetts has always regarded a partnership as an entity and its accounts receivable were owed to the partners as such and not to any one of them. See *Tobey v. McFarlin,* 115 Mass. 98 G. L. c. 102, prohibiting attachment of partnership property and

See G. L. c. 214, s. 3 (7) regulating equity attachments to reach and apply a partner's interest in the partnership to satisfy a personal debt to a creditor.

In the Homsey case, no partnership existed but simply a joint account involving a

husband and his wife either of whom could have severed the tenancy by a withdrawal of one half of the account.

It was error to allow the motion to discharge the trustee, which allowance I am of the opinion should be vacated and that an order should be made that the trustee, Allan Sturges, be charged as the trustee of the defendant, Samuel Homsey.

I am of the opinion that the allowance of the motion to dismiss the defendant likewise should be vacated, since such action will restore the right of the plaintiff to proceed further in his suit to recover a judgment in rem against the interest of the defendant, Samuel Homsey, in the hands of the trustee, Allan Sturges.