**In re George ABDALLAH, Debtor.**

**Bankruptcy No. 80–01759–L.**

United States Bankruptcy Court,
D. Massachusetts.

April 12, 1984.

James M. Langan, Langan, Dempsey & Brodigan, Boston, Mass., for Eva Abdallah (non-debtor surviving spouse of the above-named debtor).

S. James Boumil, Lowell, Mass., for Richard Drury (administrator of the estate of Mary T. Abdallah, mother of the debtor).

Jordan L. Shapiro, Shapiro & Shapiro, Malden, Mass., for George Abdallah, Jr. (son of the debtor).

Allen H. Roffman, Chelsea, Mass. (Chapter 7 Trustee).

Charles P. Bennett, Jr., Riemer & Braunstein, Boston, Mass., special counsel to the Trustee.

## MEMORANDUM AND ORDER RE MOTION TO COMPEL SALE OF ASSETS

THOMAS W. LAWLESS, Chief Judge.

The issue before the Court is whether the trustee can sell, pursuant to 11 U.S.C. § 363(h), property that was held by the debtor and his non-debtor spouse as tenants by the entirety on the day of the bankruptcy filing where the debtor died prior to the filing and allowance of the § 363(h) action.

This internecine feud of the Abdallah family came into this Court when George Abdallah (the "Debtor") filed a Chapter 7 petition on October 8, 1980. Most, but not all, of the family members involved and their relationship with the Debtor are set forth above and will not be repeated. Nor will the various allegations by and between the Abdallahs be addressed other than to state that the battle began in 1965 when the Debtor assumed the duties as executor under his mother's will and allegedly began to misappropriate assets from his mother's estate. In the decade and a half preceding the filing of this bankruptcy proceeding, various family members/creditors of the Debtor had commenced actions in the Probate and Family Court, the Middlesex Superior Court, and the District Court of Lowell, and obtained in those actions various attachments, judgments and levies against various parcels of real estate which they claimed were owned by the Debtor and/or

fraudulently conveyed by the Debtor to various third parties.

On July 28, 1981, approximately nine months after the filing of the Debtor's Chapter 7 petition and while the bankruptcy case was still pending, the Debtor died. On or about July 30, 1982, the trustee in bankruptcy brought an Adversarial Motion for Leave to Sell at public auction various parcels of real estate either owned by the Debtor and his non-debtor spouse as tenants by the entirety or by third persons who had purchased the property from them prior to the bankruptcy. After several continuances, a hearing was held on January 13, 1983 on the Trustee's motion and the seven written objections thereto, whereupon the Court denied the Trustee's motion without prejudice as being an improper vehicle to effectuate a disposition of property standing in the name of third parties. Subsequently, on June 13, 1983, Richard Drury, Esq., administrator of the estate of Mary T. Abdallah (the Debtor's mother), by his attorney S. James Boumil, Esq. (the Debtor's nephew), brought a motion to compel the sale of only those parcels of real estate that were held by the Debtor and his non-debtor spouse as tenants by the entirety at the time of the filing of the bankruptcy petition (the "creditor's motion"). The property is alleged to consist of three rental properties and the personal residence of the late Debtor and his wife, including twenty-five acres of land.

After hearing the creditor's motion, the objections thereto, and having afforded all interested parties an opportunity to submit briefs on the issue (the last of which was filed on January 10, 1984), I find as follows:

■ A debtor's undivided interest in property held as tenants by the entirety is included in his estate in bankruptcy as are all of his legal and equitable interests in property, however held. 11 U.S.C. § 541(a). *See In re Ford*, 3 B.R. 559 (Bkrtcy.Md.1980), aff'd *per curiam sub nom*, 638 F.2d 14 (4th Cir.1981); *D'Avignon v. Palmisano*, 34 B.R. 796 (D.Vt.1982). The undivided interest passes to the estate without any severance of the unities of time, title, identity of interest and possession, intact and unaltered, and may thereafter be exempted [1] from the estate. *See In re Ford, supra*, at 571; *In re Panholzer*, 11 B.C.D. 447, 36 B.R. 647 (Bkrtcy.D.Md.1984). This is characteristic of entireties property and not of property held as joint tenants with a right of survivorship, which is severed by the filing of a bankruptcy petition. *See In re Panholzer, supra*, at 449.

■ State law defines the nature and extent of a debtor's and, therefore, the estate's interest in property. "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. U.S.*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979). Accordingly, the nature of the Debtor's interest in the property held as tenants by the entirety is determined by the law of Massachusetts. *See In re Ignasiak*, 22 B.R. 828, 829 (Bkrtcy.E.D.Mich.1982).

■ The husband's interest in tenancy by the entirety property, under the classic form of tenancy by the entirety prevailing in Massachusetts,[2] consists of his exclu-

---

1. In the case at bar, the Debtor chose his federal exemptions and therefore his exemption of the tenancy by the entirety property is limited to $7,500. However, even if the Debtor chose his exemptions under state law, his interest in tenancy by the entirety property in Massachusetts is not exempt from process (11 U.S.C. § 522(b)(2)(B)). *See infra* and Lavien & Mencher, *The Eclipse of Massachusetts Tenancy by the Entirety*, 67 Mass.L.Rev. 170 (1982).

2. Under a revised statute, Mass.Gen.Laws ch. 209 § 1, which became effective February 11, 1980, where property is held as tenants by the entirety, both the husband and wife are entitled equally to the rents and profits from, and the use, control and possession of, the property in question. Creditors of a debtor spouse may not reach the property interest of the debtor spouse if the property is the principal residence of the nondebtor spouse. However, the property is available to satisfy debts incurred by either

sive right of control, possession, and income during their joint lives, *see Raptes v. Pappas*, 259 Mass. 37, 155 N.E. 787 (1927), together with an "indestructible" right to the remainder if he survived his wife; and the husband's interest could be reached by his creditors. *See West v. First Agricultural Bank*, 382 Mass. 534, 536, 419 N.E.2d 262 (1981). The wife's interest consisted only of a corresponding right of survivorship, but this interest was neither alienable nor subject to levy by her creditors or her husband's. *Id.* The survivorship right in either spouse is indestructible in the sense that partition is not available to a tenant by the entirety. *See* M.G.L. c. 241 § 1. However, the husband could dispose alone of his survivorship right, while the wife could not so dispose of her survivorship. *See Licker v. Gluskin*, 265 Mass. 403, 404–407, 164 N.E. 613 (1929); *Raptes v. Pappas*, 259 Mass. 37, 38–39, 155 N.E. 787 (1927). Both spouses, acting together, could convey the estate, destroying both survivorships. *See Bernatavicius v. Bernatavicius*, 259 Mass. 486, 487, 156 N.E. 685 (1927). Unless the parties intended or agreed otherwise, upon divorce the tenancy dissolved and becomes a tenancy in common. *Id.* at 490.

 In the event that the wife survived her husband, upon his death she took no new title by survivorship, but held under the deed by virtue of which she was originally seized by the whole. *Palmer v. Treasurer & Receiver General*, 222 Mass. 263, 265, 110 N.E. 283 (1915). The right of survivorship is an attribute of the ownership by each spouse of the entire estate from the time it was conveyed to them; it is not a contingent future interest in the surviving spouse, superadded to a joint life estate. C. Moynihan, *Introduction to the Law of Real Property*, at 230 (1962). In *Palmer, supra*, at 265, 110 N.E. 283, the court held that on the death of either the

husband or the wife who held real estate as tenants by the entirety, no beneficial interest accrued to the other by survivorship so as to create succession, and so no part of the estate was subject to tax. "Upon the testator's (the husband's) death the estate was simply freed from participation by him. The complete title of a surviving tenant by the entirety is not acquired by intestate succession, but by reason of the nature of the estate." *Id.* While this tax ruling has subsequently been overturned by statute, the basis of the court's decision—that the survivor takes by virtue of the title and not by the death of the spouse—has as its basis the common law concept that tenants by the entirety are seized of the whole and not of a share, *per tout et non per my*. Judge Moynihan has said:

> If you find this concept difficult to grasp, you are not alone. In his dissenting opinion in *King v. Greene*, 30 N.J. 395, 413, 153 A.2d 49, 60 (1959) Chief Justice Weintraub had this to say: "The estate by the entirety is a remnant of other times. It rests upon the fiction of a oneness of husband and wife. Neither owns a separate distinct interest in the fee; rather each and both as an entity own the entire interest. Neither takes anything by survivorship; there is nothing to pass because the survivor always had the entirety. To me the conception is quite incomprehensible."

C. Moynihan, *Introduction to the Law of Real Property*, 229, at note 1 (1962). Comprehensible or not, this is the law in Massachusetts under which the estate's interest in this property must be determined.

██ In *Raptes v. Pappas*, 259 Mass. 37, 155 N.E. 787 (1927), the creditor levied on the husband's interest in property held as tenants by the entirety and it was sold at sheriff's sale. The creditor purchased the

---

spouse or a member of their family on account of "necessaries".

It has been recently held, however, that the provisions of the amended statute, Mass.Gen. Laws ch. 209 § 1, do not apply to tenancies by the entirety created before February 11, 1980,

even if the creditor seizes the principal home of the non-debtor spouse after the effective date of the statute. *Turner v. Greenaway*, 391 Mass. 1002, 459 N.E.2d 821 (1984). Accordingly, the prior law governs in the instant case.

interest at the sale and proceeded to bring a writ of entry, alleging that she was entitled to what amounted to an estate for the joint lives of the husband and wife with a contingent remainder in fee. The Massachusetts Supreme Judicial Court affirmed judgment for the creditor, saying:

> A tenancy by the entirety may be taken on an execution against the husband, and the purchaser at the sale on execution may maintain a writ of entry against him for possession and title. Such possession and title will fail in the event of the wife surviving him. The purchaser may maintain the writ against the wife for possession but not for her title; if she survives her husband she will have an absolute title with the right to possession. If the husband survives the wife the demandant's title will be absolute.

*Id.* at 38–39, 155 N.E. 787. Thus, the trustee's status as a lien creditor does not prevent the extinguishment of the estate's interest in the tenancy by the entirety property upon the death of the debtor spouse.

▪ Congress has superseded the otherwise indestructible right of survivorship of the non-debtor wife under Massachusetts law by the enactment of 11 U.S.C. § 363(h), which provides as follows:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest under subsection (b) or (c) of this section, and the *interest* of any co-owner in property *in which the debtor had, immediately before the commencement of the case*, an undivided interest as a tenant in common, joint tenant, or tenanty by the entirety, only if—
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests

of co-owners outweighs the detriment, if any, to such co-owners; and

> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of satural or synthetic gas for heat, light, or power. (emphasis added).

The creditor points to the above-emphasized language, as well as § 541 (the debtor's estate consists of all of the debtor's legal and equitable interests in property "as of the commencement of the case"), for the proposition that the post-filing death of the debtor does not affect property of the estate because the estate's interest is determined on the day of the bankruptcy filing. The creditor apparently urges that under § 363(h) the Court should disregard the Debtor's death, place an actuarial value on the interest of the Debtor on the day of the filing of the petition, order a forced sale of the property, and distribute the proceeds accordingly.

The Court's research has revealed one case that arguably supports the creditor's positions. In *In re Bachman,* 21 B.R. 849 (Bkrtcy.W.D.Pa.1982), the court held that a debtor's death did not divest the bankruptcy estate of the debtor's undivided interest in property held as tenants by the entirety with his non-debtor spouse. *Bachman,* however, seems to be distinguishable because there the Chapter 11 debtor died after an oral order of confirmation was entered on a plan of reorganization that provided for the sale of the tenancy by the entirety property to a third party. The order of confirmation might well be equated with an order confirming a sale under 11 U.S.C. § 363(h), which does extinguish the non-debtor's survivorship right, irrespective of the subsequent death of the debtor spouse.

In any event, I decline to follow *Bachman.* In that case, the debtor's post-filing death was characterized as affecting a post-petition transfer of the husband's interest in the entirety property to the non-debtor wife. While this analysis may follow under Pennsylvania's view of a tenancy

by the entirety,[3] it is not in accord with the law of Massachusetts. As I have explained above, under Massachusetts law the death of one spouse does not effectuate a transfer of tenancy by the entirety property to the surviving spouse; the surviving spouse was already seized of the whole by virtue of the deed. *See Palmer v. Treasurer & Receiver General, supra,* at 265, 110 N.E. 283. In *Hayes v. Schaefer,* 399 F.2d 300 (6th Cir.1968), the trustee obtained, under Kentucky law, the bankrupt's contingent right of survivorship. When the bankrupt's husband died eight months after the petition was filed, the entire fee passed to the trustee as holder of the right of survivorship.[4] The court said:

> The death of a co-tenant does not increase the interest of the other tenant since from the time the tenancy was created both tenants were seized of the whole.... The surviving tenant of a tenancy by the entirety does not inherit from the co-tenant, but rather the surviving spouse takes by virtue of the deed....
>
> It was indeed fortuitous that the bankrupt survived her husband. *Had she (the bankrupt) died first the trustee in bankruptcy would have had no interest in the land to sell and would have realized nothing for the bankrupt's estate.*

*Id.* at 302 (citations omitted) (emphasis added). While the above-emphasized language is apparently dicta, the similarities between the relevant incidents of Kentucky and Massachusetts tenancy by the entirety law warrant the conclusion that under the Bankruptcy Act the post-filing death of a bankrupt divested the bankruptcy estate of any interest in the tenancy by the entirety property.

▮ In the creditor's memoranda in support of his motion, he advances the argument that Congress has altered this result by the enactment of the Bankruptcy

Code. I disagree because the mere filing of a bankruptcy petition does not sever or otherwise alter the ownership incidents of a non-debtor tenant by the entirety. *See In re Ford, supra,* at 571; *In re Panholzer,* 11 B.C.D. 447, 36 B.R. 647 (Bkrtcy.D. Md.1984). Section 363(h) modifies the co-tenant's rights under state law by providing a method for realizing the value of the debtor's interest in property held as tenants by the entirety with the non-debtor spouse. The House Judiciary Committee, addressing § 363(h), said:

> The bill (HR 8200) also changes the rules with respect to marital interests in property. Interests in the nature of dower and curtesy will not prevent the property involved from becoming property of the estate, nor will it prevent sale of the property by the trustee. With respect to other co-ownership interests, such as tenancies by the entirety, joint tenancies, and tenancies in common, the bill does not invalidate the rights, but provides a method by which the estate may realize on the value of the debtor's interest in the property while protecting the other rights. The trustee is permitted to realize on the value of the property by being permitted to sell it without obtaining the consent or a waiver of rights by the spouse of the debtor or the co-owner, as may be required for a complete sale under applicable State law. The other interest is protected under H.R. 8200 by giving the spouse a right of first refusal at a sale of the property, and by requiring the trustee to pay over to the spouse the value of the spouse's interest in the property if the trustee sells the property to someone other than the spouse. Similar rules will govern certain sales of community property if both spouses are not proceeding under title 11.

---

3. The Court expresses no opinion on this issue.

4. As noted in Craig, *Analysis of Estates by the Entirety in Bankruptcy,* 48 Amer.Bank.L.J. 225, 266–267 (1974), the bankrupt-wife's request for

only one-half the fee was an illogical position, because on death, the spouse should get all or nothing. *See also In re Flynn,* 1 F.2d 566 (W.D. Pa.1924).

**390**

H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 177 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6137. Congress intended to provide a method for "cashing out" the debtor's interest for the benefit of his or her creditors; however, this conversion can only take place after satisfaction of the Congressionally enacted protections afforded the non-debtor spouse. Since the Debtor in the case at bar died prior to the initiation and satisfaction of a § 363(h) action, the interests of the non-debtor spouse remain as they exist under applicable state law.

The creditor's final argument is that a ruling against his motion will prompt a rush to the bankruptcy courts by terminally-ill debtors. This argument is without merit because the result herein—the passage of full and complete title to the non-debtor spouse unimpeded by the debtor spouse's creditors—occurs outside of bankruptcy. If Congress intended a different result, then it would not have enacted § 363(h) in its present form.

Accordingly, based upon the foregoing, the creditor's motion is DENIED.

It is so Ordered.