In re STN ENTERPRISES, INC., d/b/a Atwater Arms, Debtor.

David BARR, James McCann, Peter Willis, Donald Audette, Lorraine Audette, Daniele Audette, and Carl Nelson, Plaintiffs,

v.

STN ENTERPRISES, INC., d/b/a Atwater Arms, Defendant.

Bankruptcy No. 84–00098.
Adv.P. No. 84–0078.

United States Bankruptcy Court, D. Vermont.

Dec. 20, 1984.

Richard F. Shafner, Rutland, Vt., for plaintiffs, David Barr, et als.

John R. Canney, III, Rutland, Vt., and Holly K. Nelson, for debtor—defendant;

Jerome I. Meyers, Norwich, Vt., for Creditors' Committee.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This matter is before the Court on the Complaint of David Barr, et als., against the Debtor, STN Enterprises, Inc., to reclaim possession of certain firearms hereinafter described, their Motion for Relief from Stay, and their Objection to Sale of Firearms, each filed October 16, 1984.

Both the Debtor and the Committee of Unsecured Creditors oppose the Complaint and Motion.

At the hearing held on November 6, 1984, Peter Willis, one of the plaintiffs in this action, was examined under oath, and at the conclusion of the examination it was agreed among the parties that the other plaintiffs would practically testify the same as Willis with reference to the nature of all of the transactions between the Plaintiffs and the Debtor. More specifically, the Attorney for the Committee of Unsecured Creditors posed the question that if the other plaintiffs as witnesses were asked the same questions both on direct and cross examination, whether the answers would be the same. The Attorney for the Plaintiffs so stated, and it was agreed that all parties be bound by this result. They would be bound as to the decision made by the Court subject to the right of appeal.

## FACTS

The Debtor, STN Enterprises, Inc., was organized as a corporation on August 6, 1982 for the purpose of engaging in the purchase and sale of collectible firearms and related collectibles under the trade name of "Atwater Arms." Stephen T. Noyes was its president, sole stockholder and the driving force behind the corporate business. The corporation also conducted an investment program which included the purchase of certain collections of antique firearms. Noyes died on May 5, 1984 as a result of injuries received in an automobile accident, and for several weeks prior thereto, the Debtor was having financial difficulties. These apparently precipitated the filing of a Petition for Relief on June 28, 1984 under Chapter 11 of the Bankruptcy Code. The Schedules show total liabilities of $12,-989,844.35 and assets of $5,284,415.05. Included in the assets are Bennington firearms inventory and Greenwich firearms inventory, listed at an estimated market value without forced sale of $2,500,000.00 and $1,500,000.00, respectively.

Peter Willis, one of the plaintiffs, was employed as a sales representative for a software company, and in 1984, he had his first contact with the Debtor through one Reid Williams, a friend, who talked to him about investing in firearms. Williams worked part time for the Debtor, and Willis, prior to April 5, 1984, made two investments in firearms through Williams. In these transactions he paid Williams for the firearms and several months later received a profit from the investments. These were strictly investment transactions and Willis never even saw the weapons which he purchased.

On March 27, 1984, Willis turned over to Williams a check in the sum of $10,000.00 drawn on the Bank of Boston as his part of an investment in the purchase of a presentation triple set from Col. Colt to Lt. Silas Bent, and so inscribed. As pictured in color on page 52 of THE COLT HERITAGE. Bent was best man at Col. Colt's wedding and a close personal friend. Model 1851 Navy, Model 1849 Pocket, Model 1855 Sidehammer; the presentation inscription on the brass case lid plaque. Fine condition.

Willis participated in the investment which was for a total of $40,000.00 with Dave Barr and Jim McCann. Barr's share was $20,000.00. McCann's share was $10,-000.00. A total payment of $40,000.00 was made for the weapons hereinabove described and they received a receipt from the Debtor as evidence of payment of $40,-000.00. The firearms purchased were left with the Debtor to be stored in the vault maintained by it in Greenwich, Connecticut. The purpose of the purchase was an investment only and in the event that Willis and his partners were not satisfied with the return, they could take possession of the guns at any time. They were left with Atwater Arms as a matter of convenience.

As evidence of the nature of the transaction, both Willis, Barr & McCann as purchasers and Atwater Arms, through Stephen Noyes, did early in April in 1984, execute a bailment agreement reading as follows:

"Having purchased the firearm(s) listed below from Atwater Arms and realizing that improper or excessive handling

can effect condition and thereby greatly reduce the value of my purchase, I wish to create a bailment, leaving my purchase in the care and custody of Atwater Arms. It is my understanding that Atwater Arms will store this purchase, either in its secured showroom in Bennington or in "The Vault" in Greenwich, Connecticut. It is also understood that Atwater Arms has sufficient insurance on both locations and coverage while in transit. I agree to pay, on an annual basis, a reasonable fee for insurance and storage while my purchase is in Atwater Arms' care and custody.

"Triple Presentation Set with Case from Col. Colt to Lt. Silas Bent

"Model 1851 Navy Serial # 49962

"Model 1849 Pocket Serial # 149376

"Model 1855 Root Sidehammer Serial # 441."

Willis never met Stephen Noyes personally, and he conducted his transactions solely through Williams. He never visited the showroom maintained by Noyes in Bennington, Vermont, but he assumed that the Greenwich, Connecticut vault was a safe place in which to keep the weapons.

On April 12, 1984, Daniele and Lorraine Audette, Carl Nelson, and Donald Audette, paid over to the Debtor c/o Mr. Reid Williams the sum of $26,000.00 for the purchase of revolvers hereinafter described in four bailment agreements executed by Carl E. Nelson, Daniele Audette, Donald G. Audette, and Lorraine Audette. These bailment agreements were all dated April 12, 1984 and read as follows:

"Having purchased the firearm(s) listed below from Atwater Arms and realizing that improper or excessive handling can effect condition and thereby greatly reduce the value of my purchase, I wish to create a bailment, leaving my purchase in the care and custody of Atwater Arms. It is my understanding that Atwater Arms will store this purchase either in its secured showroom in Bennington or in "The Vault" in Greenwich, Connecticut. It is also understood that Atwater Arms has sufficient insurance on

both locations and coverage while in transit. I agree to pay, on an annual basis, a reasonable fee for insurance and storage while my purchase is in Atwater Arms' care and custody.

"*Rare cased and engraved pair of Plant revolvers, engraved by same engraver as responsible for the Stanton Henry rifle, and most of the Henry rifles engraved at the New Haven Arms Co. factory; silver plated, with pearl grips; rosewood casing. Serial no. 1215 and no. 1216. Excellent condition.*"

The transactions between Donald Audette, et als., and the Debtor for the purchase of the revolvers for the sum of $26,-000.00 were similar to the one between Peter Willis, et als., and the Debtor.

With the purchases of the firearms hereinabove described Noyes mailed to David P. Barr and to Daniele Audette descriptions of the firearms in letters dated April 5, 1984, and April 12, 1984, respectively, in which were recited appraisals at fair market value made by R.L. Wilson, noted author, collector and consultant to antique arms collectors, which appraisals showed the values at $40,000.00 and $26,000.00, respectively.

The firearms hereinabove described are in the possession of the Debtor.

## DISCUSSION

The issue in this case is whether the Plaintiffs, Peter Willis, et als., are the owners of the above-described weapons which they seek to reclaim and whether they are entitled to possession.

■ The nature of a creditor's property rights in bankruptcy is defined by state law, not federal law. *Butner v. United States* (1979), 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136; *In Re Skelly Jr.* (U.S. District Court—D. Delaware—1984), 38 B.R. 1000, 1001. State law also defines the nature and extent of debtor's and, therefore, the estate's interest in property. *Butner v. U.S.*, supra; *In Re Abdallah* (Bankr.D.Mass.1984) 39 B.R. 384, 386; *In*

*Re Ford* (Bankr.Md.1980) 3 B.R. 559, aff'd 638 F.2d 14 (4th Cir.1981).

■ Under the Uniform Commercial Code, as adopted in this state, title to goods passes from the seller to the buyer in any manner and on any conditions explicitly agreed on by the parties. 9A V.S.A. § 2–401(1). In the instant case, it was the intention of the parties that title to the weapons would pass to Willis, et als., upon payment of the purchase price for them. This was evidenced by two receipts delivered by the Debtor to them with each purchase. Therefore, upon payment of the purchase prices, there was compliance with the manner and conditions agreed upon by the parties and title to the weapons passed from the Debtor to Willis, et als., and to Audette, et als.

■ It is clear that a "true bailment" was contemplated by the parties. A "bailment," in its ordinary legal signification, imports the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed, and the property returned or duly accounted for when the special purpose is accomplished, or kept until the bailor reclaims it. 8 Am.Jur.2d 738 § 2.

The agreements executed in April, 1984, clearly come within the parameters of "bailments." They specifically state that the parties wish to create bailments leaving the purchases of the firearms in the care and custody of Atwater Arms to be stored in the Greenwich, Connecticut vault, for which the purchasers agreed to pay on an annual basis, a reasonable fee for insurance and storage while the purchases were in the custody and care of Atwater Arms. The special purposes of the bailments were safekeeping, and the firearms were to be kept by the Debtor until reclaimed by the Plaintiffs. 8 Am.Jur.2d 738 § 2.

Under bankruptcy law, absent state statutory enactment to the contrary, if property was in a debtor's hands as bailee or agent, the trustee (in this case the debtor by virtue of § 1107) holds it as such, and the bailor can recover the property or its proceeds. 4 Collier 15th Ed. 541–40 § 541.-08. See also *In Re Veon, Inc.*, (Bankr.W. D.Pa.1981) 12 B.R. 186, 188; *Matter of Wright-Dana Hardware Co.*, 211 F. 908 (2d Cir.1914); *In Re Keith* 1 UCC Rep. Ser 347; *In Re Cox Cotton Company* (U.S. District Court E.D.Ark.1982) 24 B.R. 930, 935; *Devita Fruit Co. v. FCA Leasing Corp.*, 473 F.2d 585 (6th Cir.1973); *Allgeier v. Campisi*, 117 Ga.App. 105, 159 S.E.2d 458 [5 UCC Rep 93] (1968). See also 8 Am.Jur.2d 831 § 98.

The Court does not agree with the argument made by the Debtor that the transactions between Willis, et als., and it constituted executory contracts for the reasons set forth in the recent Memorandum Opinion of the Court entered on December 11, 1984 on the Motion of Fellers in this case to reclaim possession of certain firearms. Likewise, for the same reasons as indicated in the Fellers Memorandum Opinion, the Court does not construe the receipts delivered by the Debtor to Willis, et als., as security agreements.

Since the transactions between Willis, et als., were in fact "true bailments," the Plaintiffs are entitled to recover their firearms.

ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED:

1. The automatic stay prescribed by § 362 of the Bankruptcy Code is TERMINATED.

2. The Debtor is enjoined from selling or otherwise disposing of the firearms hereinabove described.

3. The Debtor shall within ten days from the date of this Order deliver to the Plaintiffs, David Barr, et als., all of the firearms hereinabove described.