**In re Stephen GARROW, Lorna Garrow, Debtors.**

**David D. ROBINSON, Esquire, Trustee, Plaintiff,**

v.

**SMALL BUSINESS ADMINISTRATION, Defendant.**

Bankruptcy No. 84–00156.

Adv. No. 85–0003.

United States Bankruptcy Court, D. Vermont.

May 31, 1985.

David D. Robinson, Rutland, Vt., trustee, pro se.

James Jeka, for Small Business Admin.

## MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

This matter is before the Court on the Complaint of the Trustee, David D. Robinson, Esquire, to Avoid an unperfected security interest in certain personal property granted by the Debtors to the First Vermont Bank and Trust Company and assigned by it to the Small Business Administration. Presently, the only collateral involved under the security agreement executed by the Debtors to the Bank is farm equipment which was used by the Debtors in the operation of their farm situated in the Town of Brandon where they resided up until the time they filed their Petition for Relief on September 25, 1984.

In an attempt to perfect the security interest in the farm equipment, the Bank did cause a financing statement to be filed in the office of the Town Clerk of Brandon, Vermont on May 5, 1980. This financing statement was signed by an assistant vice president of the First Vermont Bank and Trust Company but it was not signed by the Debtors, a fact which is admitted by the Small Business Administration which holds the present security interest in this collateral.

The facts as hereinabove outlined are admitted by the parties leaving for determination by the Court the issue raised by the

Trustee that, because of the failure of the Debtors to sign the financing statement which was filed, the Small Business Administration does not have a perfected security interest in the farm equipment with the result that the Trustee is entitled to liquidate it free and clear of any claimed lien of the Small Business Administration for the benefit of unsecured creditors.

## DISCUSSION

The nature of a creditor's property rights in bankruptcy is defined by state law, not federal law. *Butner v. United States,* 440 U.S. 48, 54; 99 S.Ct. 914, 917, 59 L.Ed.2d 136; *In Re Skelly Jr.* (U.S. District Court—D. Delaware—1984), 38 B.R. 1000, 1001. State law also defines the nature and extent of debtor's and, therefore, the estate's interest in property. *Butner v. U.S.,* supra; *In Re Abdallah* (Bankr.D.Mass.1984) 39 B.R. 384, 386; *In Re Ford* (Bankr.Md. 1980) 3 B.R. 559, aff'd 638 F.2d 14 (4th Cir.1981).

Under the Uniform Commercial Code as adopted in this state the formal requisites of a financing statement are prescribed by 9A V.S.A. § 9–402 and they include the following under sub-paragraph (1):

"A financing statement is sufficient if it is signed by the debtor and the secured party ..." Underscoring supplied.

Small Business Administration by its affirmative defense to the Trustee's Complaint alleges that the financing statement substantially complies with Article 9 of the Uniform Commercial Code and any error as alleged by the Plaintiff is not seriously misleading. In effect, it argues that the signature of the debtor on the financing statement is not necessary and that its omission is a minor error not seriously misleading.

§ 9–402(5) does provide that a financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading. The key words in this subsection are "substantially complying with the requirements of this section." Without the debtor's signature on the financing statement there is a failure of substantial compliance and the position of the Small Business Administration is untenable. The financing statement must contain all of the formal requisites. These include the description of the collateral and it has been held that a description of collateral in a financing statement which does not comply with the requirements of § 9–402(1) cannot be regarded as a "minor error" within the meaning of § 9–402(5). *In Re Bennett Co.* (C.C.A. 3rd Cir.1978) 25 U.C.C.Rep.Ser. 284.

More specifically, it has been almost universally held that the absence of the debtor's signature on a financing statement which is filed renders the security interest unperfected. *In Re Industro Transistor Corp.,* (Bankr.E.D.N.Y.1973) 14 U.C.C.Rep. Ser. 522; *In Re Pischke* (Bankr.E.D.Va. 1981) 11 B.R. 913, 32 U.C.C.Rep.Ser. 349; *In Re Davison* (Bankr.W.D.Mo.1983) 29 B.R. 987, 36 U.C.C.Rep.Ser. 717, aff'd (CCA 8th Cir.1984) 38 U.C.C.Rep.Ser. 1392; *In Re Don Miller, Inc.,* (Bankr.E.D.Wis.1984) 35 B.R. 714, 37 U.C.C.Rep.Ser. 1366.

Under Section 544 of the Bankruptcy Code a trustee in bankruptcy, as of the commencement of a case, has the rights and powers of a judicial lien creditor on all property on which a creditor could have obtained a judicial lien, whether or not such a creditor exists. As a result, the rights of the trustee as a lien creditor as of the date of bankruptcy are superior to those of the Small Business Administration in the collateral consisting of farm equipment. § 9–301(3) of the Uniform Commercial Code.

The Trustee is entitled to the farm equipment free and clear of any claimed security interest of Small Business Administration, and Judgment is being entered in accordance with this Memorandum Opinion.